JOHN F. BUCKNER & SONS, Appellants,

v.

Mrs. Ruth ALLEN, Appellee.

No. 10256.

Court of Civil Appeals of Texas.

Austin.

Nov. 17, 1954.

Rehearing Denied Dec. 8, 1954.

M. J. Flahive, Victor B. Rogers, Austin, for appellants.

Snodgrass & Smith, San Angelo, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order overruling a plea of privilege filed by appellants.

The suit was instituted by Mrs. Ruth Allen against appellants and others for personal injuries and property damages alleged to have been caused by negligence of defendants when Mrs. Allen's automobile skidded on a portion of the highway under construction and alleged to have been made slick by oil applied by defendants and by rainfall on the oil, between San Angelo and Carlsbad in Tom Green County.

Allegations were made that appellants had the prime construction contract with the State and the other defendants were

associated in the work, and that there were provisions in the prime contract made for the benefit of the plaintiff as one of the traveling public.

The defendants, appellants herein, composed the partnership firm of John F. Buckner & Sons, were all residents of Johnson County, Texas, and they duly filed their plea of privilege to be sued there. The other defendants, L & S Contractors and C. Hunter Strain, filed only formal answers.

The plea of privilege was duly controverted on the ground that plaintiff's cause of action comes within the meaning of exceptions to Article 1995, V.A.C.S.

The trial court, without a jury, heard the pleas and evidence on the issues raised and overruled the plea of privilege, to which action appellants excepted and gave notice of appeal to this Court.

The appeal is before this Court on six points, and are that the trial court abused its discretion in reopening the case and taking additional testimony without the consent of appellants, and in the absence of appellants and counsel.

The remaining five points are directed to the failure of appellants to establish venue in Tom Green County under Sections 4, 5, 9a and 29a, of Article 1995, in that plaintiff was not a party to and had no privity with the prior contract, or the subcontracts; that no sufficient evidence was submitted to prove that any party defendant resided in Tom Green County at the time the suit was filed, or that plaintiff had a bona fide cause of action against any of the defendants who was a resident of said county; no sufficient evidence was offered that an act or omission of negligence occurred in the county where the suit was filed, and that such negligence was a proximate cause of plaintiff's injuries; that subsection 29-a is not applicable, and that appellants were not shown to be necessary parties.

The first assignment is directed to the action of the court in reopening the case and taking additional testimony that Hunter Strain, one of the defendants had resided in Tom Green County continuously from prior to the time of the accident to the time of the taking of such additional testimony.

We do not believe that an abuse of discretion has been shown and that the court was justified in reopening the case, and we would not reverse the case unless it appears that the appellants have been prejudiced.

Due notice was given all parties of the time of the reopening of the case, and no complaint is made except that the appellants and their attorney would have had to make a trip of over 200 miles to be present at such hearing, and no prejudice has been shown.

The only evidence taken on the reopening of the case was to the effect that Hunter Strain, one of the defendants, had resided continuously in Tom Green County for the past three or four years, and appellant's witness, Lassiter, testified substantially to the same effect at the first hearing.

Rule 270, Texas Rules of Civil Procedure; 3-B Tex.Jur. 411 (Appeal and Error) Sec. 924.

The trial court overruled appellant's plea without making findings of fact or conclusions of law which is proper.

Rule 385(e), T.R.C.P.

The inquiry here is whether there is any ground upon which the order can be sustained, since if there is any evidence upon which the judgment can be upheld it is our duty to do so, and every issue raised by the testimony will be resolved in favor of the judgment.

Gaford v. Arnold, Tex.Civ.App., 238 S.W.2d 225; 3-B Tex.Jur. 278 (Appeal and Error, Sec. 873).

The contract between the State and Buckner & Sons provided for the construction of a project entirely within Tom Green

932

County, and the place of alleged injury was in the same county.

The testimony is that appellee was enroute from San Angelo to Sterling City, her home, in her automobile driven by a Mrs. Martin, and upon approaching a section of the road under construction in the vicinity of Mule Creek, saw a barricade with a sign directing the traveling public up onto such portion which had reached the stage where a coat of oil without any substance on top of it had been spread on the highway, and at the time plaintiff's automobile approached, it had been raining and the flagman had got into his pickup. It is stated that if water gets on fresh oil it tends to become slicker than before.

The flagman testified that the rain had made the road slick and that when appellee came along, the road was awful slick.

The testimony is that as appellee approached the scene of the subsequent accident and a barricade, there being no other place to go, drove upon the highway. The allegations and evidence is that there were no signs warning the traveling public in general, and in particular the driver of appellee's vehicle, that the portion of the road upon which they were about to enter was slick and in a dangerous condition, and appellee's driver could not see upon the road and observe the fresh oil.

The flagman was in his car and had the flag stuck out the left window; that he made no conscious effort to move the flag at appellee's car. When appellee's car was driven onto the road it began to slip and went out of control, making several complete turns, and collided with a truck traveling in the opposite direction.

Certain damages were alleged to appellee's car and personal injuries to her person.

Subsection 9a, of Article 1995 was enacted in 1953, and is as follows:

"A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where

the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

From the testimony the trial court could have concluded that the driver of plaintiff's car was not warned that the highway was slick, by either a visible warning sign or by the flagman, and in so doing finds a venue fact that neither the defendant nor anyone else gave warning, and would then determine if this omission was negligence, and whether appellant owed the plaintiff a duty to protect her from harm.

"In every case involving actionable negligence, according to fundamental principle, an element necessarily essential to its existence, besides the elements of failure to perform the duty and injury from such failure, is that of the existence of a duty on the part of the particular defendant to protect the particular plaintiff from the injury." 30 Tex.Jur. 649.

Gulf, C. & S. F. R. Co. v. Russell, Tex. Civ.App., 52 S.W.2d 1085. See same case, 125 Tex. 443, 82 S.W.2d 948, Sec. A.

As stated by the San Antonio Court of Appeals in Wedegartner v. Skoruppa, Tex.Civ.App., 236 S.W.2d 216, 218:

"A contractor performing construction work on a public highway is under a duty to exercise ordinary care to protect travelers who are rightfully using

the highway and is guilty of negligence for failing to give warnings of danger which results in injury to the traveler."

■ Blashfield Cyclopedia of Automobile Law, Vol. 5A, p. 236, where it is stated:

"A contracting company paid by the state to apply oil or tarvia to the surface of a highway at regular intervals may incur liability for failing to warn travelers properly of such application and where the oiled surface begins."

■ The trial court concluded that appellant owed appellee a duty to give a warning and had failed, found that this omission of negligence was the proximate cause of appellants' damages, and was justified in overruling the plea of privilege.

■ Since we have concluded that there was no abuse of discretion in reopening the case for additional testimony as to the residence of Strain, subsection 4 of Article 1995 becomes applicable. This subsection reads:

"Defendants in different counties.— If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. The transfer or assignment of a note or chose in action shall not entitle any subsequent holder to sue thereon in any other county than that in which such suit could have been prosecuted if no assignment or transfer had been made."

The inquiry would be whether plaintiff plead and proved a cause of action against the resident defendant Hunter Strain and whether such cause of action was so intimately connected with the cause of action alleged against appellants that the two are properly joined to avoid a multiplicity of suits. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300.

From the record the trial court could have found as a venue fact that Strain, the party creating the dangerous condition, owed a duty to warn the traveling public

of such condition. Strain's employees had completed the oiling of the section and had gone over such portion, which was open to the public while it was raining and knew or could have known of the dangerous condition, and gave no warning to appellee or the driver of her car, and such failure was negligence and the court was justified in so finding and that such was a proximate cause of the damages.

Under the provisions of the contract between the State and appellant and under the special provisions, the contractor's particular attention was directed to the requirements of Item 7.7, Legal Relations and Responsibilities to the Public. These provisions are for the public safety and convenience and are to be regarded as of prime importance and the direct responsibility of the contractor. Provision is made for the furnishing and maintenance of barricades and danger warning and detour signs, flagmen, etc.

■ In City of Austin v. Schmedes, Tex.Civ.App., 270 S.W.2d 442, we had before us a contract for highway construction, with provisions similar to those in this contract, and we concluded that such provisions reflected an intention on the part of the contracting parties to confer a cause of action on members of the traveling public, and we reaffirm our holding without going into further discussion. The cause of action, in our opinion, falls within the rule of the Stockyards case and was properly joined with the suit against Strain.

■ We also hold that since the cause of action asserted against appellants was by reason of a written obligation performable in the county of suit that venue was established under Exception 5 of Art. 1995.

■ The issue of contributory negligence by the driver of appellee's car is not a defense in a hearing on a plea of privilege but is properly considered on a trial on the merits.

43-B Tex.Jur. 365, note 20.

The judgment of the trial court is affirmed.