**COOPER & WOODRUFF, INC., Appellant,**

v.

**Marcus SAUCEDO, Jr., Appellee.**

No. 7205.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 17, 1962.

**903**

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellant.

John B. Stapleton, Floydada, Conner & Walker, Spur, for appellee.

NORTHCUTT, Justice.

This is a venue matter. Marcus Saucedo, Jr., sued Cooper & Woodruff, Inc., for damages due to personal injury. The suit was filed in the district court of Hall County, Texas. The defendant filed its plea of privilege to be sued in Potter County, Texas, alleging it was a corporation with its principal office and place of business in Potter County, Texas. Plaintiff filed his controverting plea seeking to hold venue in Hall County, Texas, under and by virtue of Section 9a of Article 1995, Vernon's Texas Civil Statutes. The pleas were submitted to the court without a jury. The court overruled the plea of privilege and held venue in Hall County. From that holding the defendant perfected this appeal. Saucedo will hereafter be referred to as appellee and Cooper & Woodruff, Inc. as appellant.

It is the contention of appellant that there is no substantial and also insufficient evidence that the accident occurred in Hall County; that there is no evidence and also insufficient evidence that appellant was negligent in placing the ridge of dirt on the highway; that there was no evidence and also insufficient evidence and against the great weight and preponderance of the evidence to sustain the court's finding that appellant breached any duty to warn appellee of the condition because the evidence conclusively showed the condition to be open, obvious, and itself constituting sufficient warning.

To sustain venue in Hall County under Section 9a of Article 1995 there were three things for appellee to prove. Appellee had to prove an act or omission of negligence occurred in Hall County; that such act or omission was that of appellant in person or that of its servant, agent, or representative acting within the scope of his employment and that such negligence was a proximate cause of appellee's injuries.

It is undisputed that the dirt or gravel here in question was placed by appellant upon the highway where the accident occurred. It is also undisputed that there were no signs or warning of any kind given that the dirt or gravel was upon the highway. The accident happened four and a fraction miles west of the town of Memphis, Hall County, Texas. There is evidence that a point five miles west of Memphis, Hall County, Texas, was in Hall County, Texas.

From the undisputed record here we think the sole question to be determined is whether the condition which existed on the highway was so open and obvious that no notice or warnings were necessary. The day of the accident it was very foggy. Visibility was about three hundred feet. The man driving the pickup truck in which appellant was riding and under whose direction appellee worked testified he saw the dirt or gravel when he was about three hundred feet away and had no idea that it was anything more than just a small isolated pile of dirt; it looked quite small and appeared to be a small pile of dirt. His first impression when he first saw the dirt was that someone had tossed a few shovels full of dirt on the highway. There was no indication of any actual construction going on at that time on the highway at that point.

There are no findings of fact or conclusions of law here and since we are of the opinion that all fact issues had supporting evidence, we are bound by the holdings of the trial court. State v. Balli, Tex.Civ.App., 173 S.W.2d 522.

On appeal in a plea of privilege matter, if there is any evidence upon which the judgment can be upheld, it is our duty to do so and every issue raised by the testimony will be resolved in favor of the judgment. John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929 (writ dismissed); Jones v. Jones, Tex.Civ.App., 181 S.W.2d 988 (writ refused WM).

Under appellant's theory that the conditions were so open and obvious as to constitute a warning in itself that appellee should have appreciated the danger and the doctrine of "volenti non fit injuria" would apply, we do not believe that doctrine would apply here since no notices were given of the danger and appellee could not and did not realize the danger as to make an intelligent decision in time to avert the accident. City of Fort Worth v. Barlow, Tex.Civ.App., 313 S.W.2d 906 (NRE) and the cases there cited. Judgment of the trial court is affirmed.