**C. W. HENDERSON, C. N. Henderson and D. P. Thompson, Appellants,**

**v.**

**Mrs. Liza Jane WILLMON, Appellee.**

**No. 7746.**

Court of Civil Appeals of Texas.

Texarkana.

July 19, 1966.

Rehearing Denied Aug. 16, 1966.

W. J. Lipscomb, Moore & Lipscomb, J. D. McLaughlin, Paris, for appellants.

Leighton Cornett, Paris, for appellee.

FANNING, Justice.

A venue case. Plaintiff, Mrs. Liza Jane Willmon, a widow, filed suit in the District Court of Delta County, Texas, for damages for personal injuries resulting from a fall. Defendants C. W. Henderson and C. N. Henderson, filed a plea of privilege to be sued in Wise County, Texas, the county of their residences. Defendant D. P. Thompson filed a plea of privilege to be sued in Tarrant County, Texas, the county of his residence. The plaintiff duly filed a controverting affidavit, controverting the pleas of privilege, and asserting venue was maintainable in Delta County, Texas, under the provisions of Subd. 9a, Art. 1995, Vernon's Ann.Tex.Civ.St. Trial was to the court without the aid of a jury. The trial court heard evidence and overruled the pleas. Appellants have appealed.

█ The trial court overruled appellants' pleas without making findings of fact or conclusions of law which is proper. Rule 385(e), Texas Rules of Civil Procedure.

█ Where a case is tried without a jury, and no findings of fact or conclusions of law are filed by the trial judge, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory, and every issue sufficiently raised by the testimony must be resolved in support of the judgment. 3-B, Tex.Jur., Sec. 873, p. 278; John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929.

Plaintiff in her pleadings plead to the effect that she fell and broke her hip seriously injuring herself, in Delta County, Texas, while she was walking at a place

made dangerous by appellants, and that the alleged acts of negligence on the part of appellants, proximately causing the injuries, were as follows:

a. In permitting the ground around the fire hydrant to become muddy and slick;

b. In permitting the edge of the drainage ditch near the fire hydrant to become muddy and slick;

c. In permitting the ground at the sidewalk path crossing to become muddy and slick;

d. In permitting water to escape from the fire hydrant;

e. In using defective and leaking hose in filling up the water trucks;

f. In failing to provide a safe place for pedestrians to walk traveling along the sidewalk path;

g. In failing to warn pedestrians of the slick and dangerous nature of the area on the edge of the drainage ditch where Mrs. Willmon fell.

Appellants entered into a contract with the City of Pecan Gap, Delta County, Texas, for the construction of a sewer system for the City of Pecan Gap in 1964, with the work starting in February, 1964, and ending July, 1964. Appellant Thompson had actual charge of the work, had trucks hauling water on the job driven by his employees Washington and Grissom. Water was used to flush the pipes and test them, water was gotten from one fire hydrant in the back just north of the business section, and much water was wasted around said hydrant by the agents, servants and employees of appellants, and a dangerous mud hole was created thereby and the area for a considerable distance around such hydrant was caused to be muddy, slick and dangerous. On June 27, 1964, plaintiff, Mrs. Liza Jane Willmon, walked to the downtown area of Pecan Gap, in Delta County, Texas, saw a man loading water and that there was a very muddy place on

Paris Street which she avoided by going out into Third Street and walking to the downtown area. On her return from the downtown area, on the same afternoon, about 4:30 or 5:00 o'clock, she walked north toward her home up the sidewalk, which was the regular way for people to walk. Near the fire hydrant at the street intersection she found a mudhole that was "very, very muddy, couldn't think of going through it", she testified. Mrs. Willmon further testified that to avoid this mudhole, she tried to cross a ditch, which was also slick and muddy, but which did not appear to be as slick as it was. She testified that she fell 8 or 10 feet south of the fire hydrant. She was 81 years of age, and as a result of the fall she received a broken hip and was seriously injured.

The testimony of Mr. Cummings, Mayor of Pecan Gap, Mr. Lawrence George and William J. Willmon substantiate the view that the water trucks, operated by appellant Thompson and his employees, wasted a large amount of water at the fire hydrant and created the slick, muddy and dangerous area around the hydrant and created the dangerous condition at the place where Mrs. Willmon fell and received her injuries. The witness, Preston Lee Washington, testified that he worked for appellant Thompson in laying a water line in Pecan Gap in 1964, and that he was still employed by Thompson; that he drove a water truck for Thompson, hauling water to the manholes in order to flush the line; that he and another water truck driver of Thompson got water at a fire hydrant, and that there was perhaps some leakage of water, and that they hauled water going back and forth for a few days.

The testimony of appellant Thompson is summarized in appellee's brief as follows:

"By deposition, Appellant D. P. Thompson testified that he had charge of the construction of a sewer collection system for the City of Pecan Gap in 1964 (S 113); that the work started in February of 1964 and was finished in

July of 1964 (SF 114); that he had a written contract (Plaintiff's Exhibit '1') (SF 114). That he and Henderson & Henderson, a partnership composed of C. W. Henderson and C. N. Henderson, entered into a business arrangement whereby he was to share half the profit or loss and the Henderson partnership was to share half the profit or loss (SF 116); that he deposited an equal amount with the Henderson partnership in a bank and all expenses were paid out of that account, and all income was deposited in it; the account was in the name of Henderson, Henderson and Thompson, and that he and Mr. C. W. Henderson, and probably C. N. Henderson, were authorized to cash checks on this account (SF 117); that he, D. P. Thompson, had actual charge of the work; that he had trucks hauling water on this job driven by P. L. Washington, (the negro), and Roy Grissom (SF 119); that he used water to flush the pipes and test them (SF 120); that he got water from the fire hydrant in the block just north of the business section (SF 122); that they used this fire hydrant during the final phases of the job for testing purposes (S.F. 122); (remember the job was closed out sometime in July, 1964); that they used two trucks to haul water (SF 123), and that they did not haul water from any other place in Pecan Gap (SF 123); that this was the only fire hydrant that was operatable, and that they used a fire hose to get the water from the fire hydrant into the truck. (SF 123)."

The written contract in question was executed by Henderson & Henderson and D. P. Thompson with the City of Pecan Gap. (Plaintiff's Exhibit 1.)

The testimony also showed that the street was dry on the occasion in question except around the mudhole and adjacent area where plaintiff was injured. No warning signs of any character were posted by defendants in and around the area in question.

■ It was clearly the duty of appellants, as independent contractors installing a sewer system in the City of Pecan Gap, to keep the sidewalks and streets free from dangerous conditions created by them.

In Buchanan et ux. v. Rose, 138 Tex. 390, 159 S.W.2d 109, it was held that if one creates a dangerous situation along a public way and it reasonably appears that another, in the lawful use of such way, may be injured by the dangerous condition so created, the one creating the situation must give warning of the danger or be responsible for the consequences resulting therefrom. Also in this connection see Kampmann v. Rothwell, 101 Tex. 535, 109 S.W. 1089, 17 L.R.A.,N.S., 758; John F. Buckner & Sons v. Allen, Tex.Civ.App., 289 S.W.2d 387; Page v. Scaramozi, Tex.Civ.App., 288 S.W.2d 909, wr. ref., n. r. e.

■ Of course the issues of negligence and proximate cause can be proved by circumstantial evidence. Big Three Welding Equipment Company v. Reeh, Tex.Civ.App., 301 S.W.2d 504.

■ We hold that there was ample evidence of probative force, and that the same was sufficient to support the trial court's action in overruling appellants' pleas of privilege and that under this record venue of the cause is maintainable in Delta County, Texas, under Subd. 9a, Art. 1995, V.A.C.S. Appellants' points and contentions have been considered and are overruled.

The judgment of the trial court is affirmed.