**J. D. FRICK, Appellant,**

v.

**Beulah Ima DUGE, Appellee.**

**No. 276.**

Court of Civil Appeals of Texas.

Corpus Christi.

March 23, 1967.

William R. Anderson, Jr., of Sorrell, Anderson & Porter, Corpus Christi, for appellant.

Robert D. Nogueira, Beeville, for appellee.

OPINION

GREEN, Chief Justice.

This is a venue case involving Subd. 9a, Art. 1995, Vernon's Ann.Tex.St. Defend-

ant's plea of privilege was overruled, and he appeals. We affirm the judgment.

Plaintiff sued in the district court of Bee County to recover damages as the result of her husband Alex E. Duge being killed when the dump truck in which he was riding, with one Paulo Alcorta driving, ran into defendant's trailer-truck on Highway 181 in Bee County, Texas. Defendant Frick had stopped his truck on his right hand side of the road with the left wheels about 4 or 4½ feet on the improved paved shoulder of the two lane highway. The trailer was fully loaded with grain, and the truck, trailer and load weighed approximately 72,500 pounds. The truck and trailer were about 8 feet wide and 46 feet in over all length. Immediately ahead of this truck was another truck and trailer of the same general character and similarly loaded belonging to defendant and operated by his duly authorized employee Farris, which was also stopped partially on the improved shoulder of the road. Farris had been having trouble with the air-conditioning belt of his truck, and had stopped to install a new belt, and to give his employer time to catch up with him. At the time of the accident he had the hood up and was installing the belt; and defendant and others of his group were in front or at the right side of the lead truck, and did not see the dump truck approaching from the rear of their vehicles.

Alcorta, the driver of the dump truck in which deceased was riding, testified that he was driving on the paved shoulder of the road, as he frequently did in order to give the highway to faster traffic, when he first saw defendant's truck. He could not see the front truck, and thought defendant's vehicle was moving. When he got close enough to realize it was stopped, another car containing a number of people and proceeding in the same direction was in the lane to his left causing him not to turn to his left to avoid hitting the truck. He testified he stepped on the brakes, but it was too late. The right front of the dump truck struck the left corner of the loaded trailer, and deceased died as a result.

The accident happened about 8:15 o'clock August 12, 1964, on a bright dry sunshiny morning. The evidence conflicts as to whether Farris had put out any flares or reflectors or other warning devices prior to the accident, and it is definite that defendant had not placed any to the rear of his truck after he stopped. Highway 181 in Bee County is a heavily travelled paved roadway with. much through traffic from North and Central Texas to the gulf coast, Corpus Christi, and the Valley passing on it. The main travelled road is 24 feet 4 inches wide, or 12 feet 2 inches to each lane, with a paved shoulder on each side 8 feet seven inches wide, with an area 29 feet 9 inches wide from the edge of the shoulder to the fence of sufficient firmness and hardness to support the loaded trucks. Defendant at the time he stopped his vehicle was aware that it was a prominent muchly used roadway, and that the unpaved portion of the right of way would support his truck.

The acts and omissions of defendant alleged to constitute negligence and a proximate cause of the accident and death of plaintiff's husband, as set forth in plaintiff's first amended petition which was by reference made a part of the controverting affidavit were:

(1) That Defendant had parked his truck on a paved portion of a public highway in Bee County, Texas, in violation of the penal laws of the state;

2. That such Defendant failed to place at or about said truck highway reflectors, flares, fuses, flags or other device;

3. That such Defendant failed to place flares, fuses or flags southmost of said parked tractor trailers in violation of Section 138 of Article 6701d of Vernon's Annotated Civil Statutes;

4. That Defendant failed to drive and park off of the paved portion of the highway onto the gravel shoulder of the highway.

The venue facts which plaintiff had the burden of proving by a preponderance

of the evidence under Subd. 9a of Art. 1995, V.A.T.S. were (1) that an act or omission of negligence occurred in Bee County; (2) that such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment; (3) that such negligence was a proximate cause of the accident.

 The test on appeal from an order sustaining or overruling a plea of privilege is the same as in any other civil case. If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. On appeal from an order overruling (or sustaining) a plea of privilege, there being no findings of facts or conclusions of law, every reasonable intendment must be resolved in favor of the trial court's judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323.

We have read and considered all of the evidence in the 124 page statement of facts and have concluded that there is evidence of sufficient probative force to support the trial court's implied finding that the defendant did commit an act or omission of negligence in Bee County as alleged which was the proximate cause of the accident and of the death of plaintiff's husband. Appellant argues that Section 138, Article 6701d, applies only to disabled vehicles, and contends that since the trouble Farris had been having with the truck's air-conditioning belt did not render it disabled, and since in any event, Farris' truck was not involved in the accident, no act of negligence per se, or statutory negligence was proved. We do not need to decide whether Section 138 or any other penal statute is applicable here and do not so decide. We hold, without further discussion of the evidence in view of the probability of a trial on the merits, that the testimony, including that of the highway patrolman who made the investigation and of all other witnesses, was sufficient to raise a fact issue of common law negligence and proximate cause concerning the acts and omissions of defendant in stopping and leaving his truck where it was left, under all of the facts and circumstances of this particular case. Hommel v. Southwestern Greyhound Lines, Tex.Civ.App., 195 S.W.2d 803, 808. The implied finding of such negligence and proximate cause by the trial court is supported by the evidence, and should not be set aside.

Judgment affirmed.