SUNSET BRICK AND TILE, INC., et al.,
Appellants,

v.

Taft E. MILES et al., Appellees.

No. 296.

Court of Civil Appeals of Texas.

Corpus Christi.

May 31, 1967.

John H. Benckenstein, Lipscomb Norvell, Jr., Beaumont, for appellants.

Mike Willatt, Houston, for appellees.

## OPINION

NYE, Associate Justice.

This record involves the action of the trial court which overruled the plea of privilege of the appellants Sunset Brick and Tile, Inc. and Daniel V. Leazer. The suit was instituted by appellees Taft E. Miles and Isadore Vincent for personal injuries alleged to have been received by them in a truck-automobile collision in Matagorda County, Texas. Appellees relied upon subdivision 9a against both appellants and section 23 of article 1995, Tex.Rev.Civ.Stat. Ann., as to appellant Sunset Brick and Tile,

Inc. to support maintenance of their cause of action in the county where they brought suit, after the plea of privilege had been filed by the appellants. The plaintiffs duly filed their controverting affidavits asserting venue was maintainable in Matagorda County especially under subsection 9a of article 1995, the subdivision dealing with negligent acts or omissions which occur in a given county approximately resulting in the alleged injuries. Trial was to the court without the aid of a jury. The trial court overruled appellants' plea of privilege without making findings of fact or conclusions of law.

The test on appeal from an order overruling a plea of privilege as to the evidence is the same as in any other civil case. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (Tex.Comm'n App.) It has been universally held by our appellate courts that in order to maintain venue under subsection 9a of article 1995, the plaintiff must allege and prove facts that the act or omission of negligence of the defendant or his servant, agent or representative, acting within the scope of the employment proximately caused plaintiffs' injuries and that such negligence occurred in the county where the suit was filed. It is also a fundamental rule that when a case is tried without a jury and where no findings of fact or conclusions of law are requested of or filed by the trial judge, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory and every issue sufficiently raised by the evidence must be resolved in support of the judgment. Henderson v. Willmon, 407 S.W.2d 24 (Tex.Civ.App.— Texarkana, 1966); 3B Tex.Jur. § 873, p. 278.

Appellant in four points contends that the court erred in overruling their plea of privilege to be sued in Gonzales County, Texas, the county of their residence and/or residence of their registered agent because there was no evidence that the defendants were guilty of negligence which proximately caused appellees' damage.

Our duty in this connection is to examine the record in the light of appellants' points of error and determine if the evidence is legally sufficient to support the trial court's judgment. If discarding all adverse evidence and giving credit to all evidence that is favorable to the plaintiffs and indulging every legitimate conclusion favorable to the plaintiffs which might have been drawn from the facts proved, a trier of the facts might have found in their favor, then there is sufficient evidence to support the finding. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 99 (1953). See this court's opinion in Frick v. Duge, 413 S.W.2d 750 (Tex.Civ. App.—Corpus Christi 1967, n. w. h.).

The statement of facts shows that the collision in question occurred at approximately 5:30 a. m. on the morning of March 17, 1965; that on this particular occasion five men were riding north on Highway 35 on their way to work in the oil fields. It was dark and there was a misting rain. The defendants' loaded brick truck was proceeding in the same direction about a quarter mile past the outskirts of Palacios, Texas. The plaintiffs' car shortly before the collision was estimated to be going between 45–53 miles per hour. The defendants' truck was estimated to be going between 10–20 miles per hour in the same direction. The plaintiffs' vehicle collided with the back of defendants' truck. The plaintiffs alleged negligence generally. There were no exceptions filed to the pleadings. Plaintiffs' principal contentions were that the defendants' truck had no tail lights on it at the time of the collision and that the reflectors were dirty and unoperative.

Plaintiff Vincent was riding in the right rear seat of the car and was watching the road ahead when he first saw the truck. It was about 30 feet in front of him and he did not see any lights on the back or side of the trailer. The driver and the front

seat passenger also saw the car about the same time. The car driver immediately applied the brakes and the collision then followed. The truck driver immediately after the collision, admitted that his lights were out; that he had been having trouble with his lights; and that he was trying to get them back on at the time of the collision. The truck driver was an employee of appellants Sunset Brick and Tile, Inc. and was working in the scope of his employment at the time of the accident. He stated that he had been having trouble with his trailer lights early that morning; that a wire located midway along the trailer had worn through where it rested upon a crosspiece and he had to fix this and replace a fuse which had been blown out, before leaving the brickyard. After the collision the highway patrolman investigating the accident checked over the trailer and found that the same fuse that had been replaced that morning was again blown out. The defendant truck driver gave a statement to the highway patrolman following the collision in which he admitted the possibilty of his trailer lights being out at the time of the collision. There was testimony by the truck driver that he did not check the reflector on the trailer that morning, and he admitted that it was hard to keep them clean in wet weather. Another witness who was riding in the right front passenger seat of the car at the time of the collision testified that he was looking ahead and estimated that the truck was 40 feet away when he first saw it, that he had seen the back end of the truck immediately prior to the collision but had seen no lights on it. The parties to this suit stipulated that the plaintiffs were injured in the collision.

■ We hold that there is legally sufficient evidence that the cause of action arose in Matagorda County so as to support the judgment of the trial court and to maintain venue in that County, not only under subsection 9a of article 1995 but also section 23 of article 1995. Appellants' points are overruled.

The judgment of the trial court is affirmed.