**SUNSET BRICK & TILE, INC., et al.,**
**Appellants,**

**v.**

**Carl W. WESSELS and Irwin L. Baggett,**
**Appellees.**

**No. 333.**

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 28, 1967.

Lipscomb Norvell, Jr., of Benckenstein & Norvell, Beaumont, for appellants.

J. Mike Willatt, of Carroll, Matthews & Willatt, Houston, for appellees.

## OPINION

NYE, Justice.

This is a plea of privilege case. Carl W. Wessels and Irwin L. Baggett filed separate suits in Matagorda County against defendants Sunset Brick & Tile, Inc. and Daniel V. Leazer for personal injuries alleged to have been received by them in an automobile-truck collision near Palacios, Matagorda County, Texas. The cases were consolidated for trial.

The appellants filed pleas of privilege. In response thereto Wessels and Baggett filed controverting affidavits asserting venue was maintainable in Matagorda County under subsection 9a of article 1995 against both defendants and section 23 of article 1995, Vernon's Ann.Tex.Rev.Civ.Stat. as to corporate appellant Sunset Brick & Tile, Inc. Trial was to the court without the aid of a jury. The trial court overruled appellants' pleas of privilege without making any findings of fact or conclusions of law.

The test on appeal from an order overruling a plea of privilege as to the evidence is the same as in any other civil case. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95 (Tex. Comm'n App.—1935). It has been universally held by our appellate courts that in order to maintain venue under subsection 9a of article 1995, the plaintiffs must allege and prove facts that an act or omission of negligence of the defendant or his servant, agent or representative, acting within the scope of the employment proximately caused plaintiffs' injuries and that such negligence occurred in the county where the suit was filed. It is also a fundamental rule that when a case is tried without a jury and where no findings of fact or conclusions of law are requested of or filed by the trial judge, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory and every issue sufficiently raised by the evidence must be resolved in support of the judgment. Henderson v. Willmon, 407 S.W.2d 24 (Tex.Civ.App.—Texarkana, 1966 wr. dism.) ; 3B Tex.Jur. § 873, p. 278.

Appellants in four points contend that the court erred in overruling their pleas of privilege to be sued in Gonzales County, Texas, the county of their residence and/or residence of their registered agent because there was no evidence that the defendants were guilty of negligence which proximately caused appellees' damage.

Our duty in this connection is to examine the record in the light of appellants' points of error and determine if the

evidence is legally sufficient to support the trial court's judgment. If, discarding all adverse evidence and giving credit to all evidence that is favorable to the plaintiffs and indulging every legitimate conclusion favorable to the plaintiffs which might have been drawn from the facts proved, a trier of the facts might have found in their favor, then there is sufficient evidence to support the finding. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 99 (1953). See this court's opinion in Frick v. Duge, 413 S.W.2d 750 (Tex.Civ.App.—Corpus Christi 1967, n.w.h.) and Sunset Brick & Tile, Inc. v. Miles, 417 S.W.2d 93 (Tex.Civ.App.—Corpus Christi 1967).

■ The statement of facts shows that the collision in question occurred March 17, 1965, at approximately 5:30 in the morning. On this particular occasion five men were riding in an automobile driven by Alfred L. Bushong on Highway 35 on their way to work in the oil fields. It was dark and was misting rain. The defendants' loaded brick truck was proceeding in the same direction about a quarter of a mile outside of the city of Palacios, Texas. The automobile in which the appellees were riding collided with the back of appellants' truck. The record shows that the plaintiffs' car was travelling at a speed of approximately 45 to 53 miles per hour. The defendants' truck travelling in the same direction was estimated to be going between 10 and 30 miles per hour. The plaintiffs alleged negligence generally, contending principally that appellants' truck had no lights on it at the time of the collision, and that the reflectors were dirty and unoperative.

Vincent, one of the passengers was riding in the right rear seat of the car and was watching the road ahead when he first saw the truck. He testified that when he first saw the truck it was 30 feet in front of him and he did not see any lights on the back or side of the trailer. The driver of the car and the front seat passenger Wessels saw the truck at about the same time. Wessels estimated that the truck was about 40 feet away when he first saw it; that he was looking ahead and saw the truck but saw no lights on it. The driver of the car immediately applied the brakes and the collision then followed.

The truck driver, Daniel Vernon Leazer, was an employee of appellant Sunset Brick & Tile, Inc. and was working in the course and scope of his employment at the time of the accident. He stated that he had been having trouble with his trailer lights early that morning; that a wire located midway along the trailer had worn through where it rested upon a cross-piece and that he had had to fix this and replace the fuse which had been blown out before leaving the brickyard. After the collision the highway patrolman investigating the accident checked over the trailer and found that the same fuse that had been replaced that morning was again blown out. The defendant truck driver gave a statement to the highway patrolman following the collision in which he admitted the possibility of the trailer lights being out at the time of the collision. There was testimony by the truck driver that he had not checked the reflectors on the trailer that morning and he admitted that it was hard to keep them clean in wet weather. Appellees Wessel and Baggett testified that they had suffered injuries as a result of the collision made the basis of their suit.

We hold that there is legally sufficient evidence that a cause of action arose in Matagorda County so as to support the judgment of the trial court and to maintain venue in that county, not only under subsection 9a of article 1995 but also as to the corporate appellant under section 23 of article 1995. Appellants' points are overruled.

Judgment of the trial court is affirmed.