**SOUTHWESTERN PUBLIC SERVICE COMPANY, a corporation, Appellant,**

v.

**Lewis COLE, Appellee.**

**No. 7843.**

Court of Civil Appeals of Texas.

Amarillo.

May 6, 1968.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Max R. Sherman, Amarillo, of counsel, for appellant.

A. W. Salyars, Lubbock, for appellee.

CHAPMAN, Justice.

This is a venue case.

Appellee, Lewis Cole, sued appellant, Southwestern Public Service Company, in the District Court of Hockley County for damages growing out of a collision of his vehicle with the power company's utility pole extending two feet and five inches out into a public roadway past its easement. Appellant filed its plea of privilege to be sued in Potter County, its legal residence. Appellee controverted, urging Exception 9a of Art. 1995, Vernon's Ann.Tex.Civ.St., to the right of appellant to be sued in its domiciliary county. The case was tried to the court on the venue question and the plea of privilege was overruled. Appeal from that order is properly perfected and the one point urged is that appellee failed to prove the facts necessary to sustain venue under any exception of Art. 1995, V.T.C.S.

It is without question in the record that the power company's utility pole was constructed outside its easement and partly on the travel portion of the public road. The deposition testimony shows the public road was not in excess of thirty feet in width and generally about the width for northbound and southbound traffic. The photographic exhibits show very shallow borrow ditches and that the utility pole is so located that a vehicle could very well strike it while moving on the travel portion of the roadway.

The grounds of negligence alleged were (1) installation of the utility pole in a public roadway, (2) permitting it to so remain, (3) failing to remove it, and (4) failure to warn the traveling public, including Cole, of the presence of such pole in the travel portion of such roadway, each of which was a proximate cause of his injuries and consequent damages.

Appellant contends the undisputed evidence indicates Cole would have hit the pole even if it had been on its easement, therefore, the power company was not liable for it being located on the roadway.

The statement is, of course, a correct principle of law, stated by our Supreme Court as " * * * cause, in fact,—a cause which produces an event and without which the events would not have occurred." Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961). The power company attempted to support its thesis that the accident would have happened even if the pole had been on its easement by showing the point of impact was approximately 3½ feet from the right side of Cole's car, which would have left approximately one foot of the car to hit the pole even if it had been on its easement.

The deposition evidence shows Cole was traveling south on a dirt road at a speed of from 40–45 mph. and had been traveling on that road about 600 yards before the accident. He looked off the road and down in the seat of his car for perhaps 30 seconds in looking at his life insurance rate book. He stated he was 100 feet from the pole when he looked down and ten or twelve feet from it when he looked up. Just as he looked up he saw a rock three or four inches thick and eight or ten inches in diameter. In swerving to miss the rock he hit the utility pole. He does not remember anything afterwards at the scene of the accident except someone saying, "Don't move, an ambulance will be here in a minute," and telling the people he knew a Dr. Dupree.

The utility pole was to his right and he jerked his car to the right in attempting to avoid the rock. His explanation for doing so was that he always tried to drive on his side of the road, so he instinctively jerked his car to the right. He admitted if he had not made an effort to avoid the rock he would not have hit the pole but he also stated that he had not seen the pole in front of him just before he jerked his car to the right. He admitted knowing the utility poles were along the road he was traveling but stated he did not know one was out in the roadway. He also replied negatively to a question by appellant's counsel inquiring if he wouldn't have hit the

pole anyhow even if it had been over to the west four or five feet.

Under the particular exception relied on the burden was on appellee to prove by a preponderance of the evidence (1) that an act or omission of negligence occurred in the county of suit, (2) that it was the act of the company or its servant, agent or representative acting in the scope of his employment, and (3) that such negligence was a proximate cause of his injuries. Number (2) was stipulated, so the proximate cause question and whether construction of a utility pole in the travel portion of the roadway was negligence must be considered. As heretofore stated, appellant urges Baumler v. Hazelwood, supra, as authority for its contention that even if the pole had been properly located Cole still would have hit it. The facts in that case are so foreign to the facts here we see little, if any, application except the rules of law announced. From the evidence here the court could have impliedly found that had the pole been two feet and five inches to the right appellee would have jerked his car to the left slightly more than a foot and missed the pole completely. Even if he had jerked it as he did only approximately a foot of his car would have struck the pole, so the court could have impliedly found the car would have slid around the pole or the damages would have been much less on a glancing lick than a head-on collision and thus its construction two feet and five inches into the roadway was a cause in fact of the injuries. We think it certainly must be said from this record that the company by constructing the pole on a part of the travel portion of the narrow country road was negligent and it should have foreseen someone might have struck it and be damaged thereby. This is particularly true in view of the fact that it is common knowledge a reasonably prudent person driving on a narrow dirt road such as the one here would be less careful than driving on a heavily traveled paved highway.

From the facts here it simply can not be said that the undisputed evidence demonstrates conclusively that the same damages would have been inflicted had the utility pole been in its proper place on its easement instead of on the traveled portion of the roadway. Thus, the court could have impliedly found that the negligent act of constructing the pole on a travel portion of the roadway was such that without the negligent construction the same damages would not have been inflicted, or no damages would have been inflicted. Even if it should be said that the evidence is conflicting on negligence and proximate cause, this court should not disturb the judgment of the trial court if there exists in the record evidence of sufficient probative force to support the judgment of the trial court. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

Without question there is evidence from which a trier of the facts might find appellee's action was negligent and a proximate cause of the collision, but we are not concerned with contributory negligence on the venue question. This is a matter to be properly considered in a trial on the merits. John F. Buckner & Sons v. Allen, 272 S.W.2d 929 (Tex.Civ.App.-Austin, 1954, writ dism'd); Allen M. Campbell, General Contractors, Inc. v. McDonald, 347 S.W.2d 781 (Tex.Civ.App.-Beaumont, 1961, no writ history); Perry Construction Co. v. Watkins, 367 S.W.2d 913 (Tex.Civ.App.-Waco, 1963, no writ).

In view of our holding of proximate cause on the negligent construction and negligence in permitting the pole to remain on the roadway, we see no point in writing on the negligence and proximate cause in failing to warn. However, there is probative evidence from which the trial court could have impliedly found such failure was negligence and a proximate cause.

The judgment of the trial court is affirmed.