**SOUTHLAND SUPPLY COMPANY and Bart Hawkins, Appellants,**

v.

**Alfred GEBHART and Patsy Ann Gebhart, Appellees.**

**No. 7933.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 11, 1969.

Larry Starr, Kenley, Boyland, Hawthorn & Starr, Longview, for appellants.

Rex Houston, Gordon R. Wellborn & Rex Houston, Henderson, for appellees.

FANNING, Justice.

A venue case tried to the court without a jury. Involved is the application of Subd. 9a of Art. 1995, V.A.T.S., to an accident which resulted after Bart Hawkins, an employee acting within the scope of his employment with Southland Supply Company, stopped the truck of his employer in the westbound lane of East Main Street in Henderson, Rusk County, Texas, and the car driven by Patsy Ann Gebhart struck the rear of the stopped truck, causing personal injuries to Miss Gebhart. The trial court, after hearing the evidence adduced, overruled appellants' plea of privilege to be sued in Smith County, Texas. Appellants have appealed.

Appellants present two points on appeal wherein they contend to the effect that there was "no evidence" and "insufficient evidence" to support the trial court's overruling of appellants' plea of privilege and that such action was "contrary to the overwhelming weight and preponderance of the evidence."

For a comprehensive discussion of the law applicable to the determination of such character of points see Chief Justice Calvert's article, " 'No Evidence and Insufficient Evidence' Points of Error", 38 Tex. Law Rev., No. 4, p. 361.

Plaintiffs' pleadings with respect to negligence and proximate cause were in part as follows:

"Hawkins for some reason had stopped his truck in the lane of traffic on East Main Street which was being used by Patsy Ann. In stopping his truck on the heavily traveled street, Hawkins was guilty of negligence in one or more respects, including his failure to keep a proper lookout for traffic to his rear, failure to give a proper signal of his intention to stop or back up, failure to place a flagman or other signaling device to the rear of the truck and to signal his intention to block the street, and illegally backing his truck on a publicly traveled street. These negligent acts and omissions proximately caused the collision for which damages are sought in this suit."

■ The trial court overruled appellants' plea without making findings of fact or conclusions of law which is proper. Rule 385(e), Texas Rules of Civil Procedure.

■ Where a case is tried without a jury, and no findings of fact or conclusions of law are filed by the trial judge, the judgment should be affirmed if there is sufficient evidence to support it upon any lawful theory, and every issue sufficiently raised by the testimony must be resolved in support of the judgment. 3–B Tex.Jur., § 873, p. 278; John F. Buckner & Sons v. Allen, Tex.Civ.App., 272 S.W.2d 929.

■ Of course the issues of negligence and proximate cause can be proved by circumstantial evidence. Big Three Welding Equipment Company v. Reeh, Tex.Civ. App., 301 S.W.2d 504.

■ Viewing the evidence most favorably to the judgment as we must with reference to the "no evidence" questions, we state the facts in this light as follows: The collision in question occurred about noon on December 20, 1967, on East Main Street, a heavily traveled street, in Henderson, Rusk County, Texas. Hawkins, in the course of his employment with Southland, was making a delivery to City Plumbing Company in Henderson, Texas. East Main Street in said city has two lanes of traffic, one going east and one going west. Hawkins stopped his truck in the westbound lane of said street, with the intention of backing across the eastbound lane into City Plumbing Company located on the south side of East Main. His stated purpose for preparing to take what he admitted to be an unusual driving maneuver was for his own convenience in unloading the truck. Plaintiff's Exhibits 1 and 2 show the scene and location in question, and we think it appears from the photographs that there was room for Mr. Hawkins to turn and drive in forward to City Plumbing Company. Hawkins had just proceeded over a small hill or "rise" in the Street and around a slight curve, and stopped in the road without giving any visible signal, according to the testimony of Miss Gebhart. (Mr. Hawkins' version of giving signals was different from Miss Gebhart's, but the trial court apparently believed Miss Gebhart's version instead of Mr. Hawkins' version.)

Mr. Hawkins testified that he had seen the Gebhart car in his rear view mirror some 100 yards or so before he stopped. He did not see the Gebhart car again until after the collision. We quote from Hawkins' testimony in part as follows:

"Q. Then my question is did you watch her during that 100 yards?

A. No.

Q. The last time you saw her was about a hundred yards back?

A. Yes, sir.

Q. You did nothing further other than just sit there?

A. Right.

Q. And you of course weren't giving any kind of signal at all that you were going to back up or turn or anything, you just simply had on flashers, is that right?

A. That's right.

Q. You had no traffic coming toward you?

A. No, sir.

Q. There was absolutely nothing to have kept you as far as traffic is concerned from pulling forward and driving at an angle to the left across the other lane of traffic, was there?

A. No. There was no traffic coming, right.

Q. There was no traffic coming.

A. Unh-uh.

Q. There is a place over on the side of this street, on either side of it, where vehicles can park, isn't there?

A. Right."

Mr. Hawkins also stated that the usual way to get into such a place as City Plumbing Company was to:

"A. Well, you put on your signals and pull up, and if there is no cars coming, if there are, then you pull over, pull up and stop, and they usually wait or go around you or something."

Further when asked as to what he would have done had there been ten cars behind him, Mr. Hawkins testified:

"Q. Suppose there had been ten cars behind you, what would you have done?

A. Probably circled the block and came back."

■ We hold that there was evidence of probative force to support the trial court's implied findings of negligence and proximate cause in support of its judgment, and that the same was sufficient.

On the question of failure to keep a proper lookout to the rear, under the circumstances in the fact situation in the case at bar, the following authorities are deemed to be pertinent: C. & R. Transport Inc. v. Campbell, Tex.Sup.Ct., 406 S.W.2d 191; Lesage v. Smith, Tex.Civ.App., 145 S.W.2d 308, wr. dism. judgm. corr.; 7 Tex.Jur.2d p. 632; Riles v. Reichard, Tex.Civ.App., 366 S.W.2d 655, no writ; Jones v. Downey, Tex.Civ.App., 359 S.W.2d 116, wr. ref., n. r. e.; Langham v. Talbott, Tex.Civ.App., 211 S.W.2d 987, wr. ref., n. r. e.

■ According to the testimony of Miss Gebhart, Mr. Hawkins failed to put on his flashers as testified to by him, and failed to signal his intention to stop and block the road. The trial court, as the trier of the facts, was the judge of the credibility of the witnesses and of the weight to be given their testimony, and the trial court apparently believed Miss Gebhart's testimony with reference to Mr. Hawkins' stopping and failing to give any character of signal. Under Miss Gebhart's testimony, Hawkins was guilty of negligence in stopping without giving any signal of any character and of blocking the street in front of her.

In connection with the negligence of Hawkins in failing to keep a proper lookout to his rear, his failure to give signals of his stopping and blocking the road in front of Miss Gebhart, we quote from Jones v. Downey, supra, 359 S.W.2d 116, as follows:

"Appellant's first point is that the court erred in not disregarding the answers of the jury to Special Issues Nos. 11 and 12, relating to the failure of appellant to keep a proper lookout to his rear. We are aware of the line of decisions holding that ordinarily a motorist is not required to keep a lookout for traffic approaching from his rear. Solana v. Hill, Tex.Civ.App., 348 S.W.2d 481; Kuykendall v. Doose, Tex.Civ.App., 260 S.W.2d 435; Bass v. Stockton, Tex.Civ.App., 236 S.W.2d 229; Caraway v. Behrendt, Tex.Civ.App., 224 S.W.2d 512; Lesage v. Smith, Tex.Civ.App., 145 S.W.2d 308; 7 Tex.Jur.2d, Automobiles § 95, p. 430. However, where a motorist is traveling upon a paved highway and is preparing to stop, slow down or change directions, he is required to keep a lookout for traffic to his rear, and to give proper signals of his intentions. The rule is well stated in 7 Tex.Jur.2d § 632, as follows:

" 'The duty of maintaining a proper lookout that is placed on operators of motor vehicles on the highways concerns vehicles in front of the motorist, not those approaching from behind, in the absence of some particular fact that calls the attention of the driver of the front car to the vehicle following and that would impose some duty on the front driver to maintain such a lookout, or unless the driver of the front car either slows his vehicle or intends to stop it. Under such circumstances, it is the driver's duty to keep a proper lookout for vehicles following him and to give them a proper signal of his intention to slow down or to stop.'

"Many annotations on stopping or slowing automobiles, which largely uphold the above quoted text, are found in 29 A.L.R.2d, pp. 10 to 100.

"This matter is largely controlled in this State by the Uniform Act. Regulating Traffic on Highways, Art. 6701d, §§ 68, 69 and 70, Vernon's Tex.Civ.Stats., and the Law of the Road, Art. 801, § (K), Penal Code. Said section (K) reading as follows:

" 'The person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course.' "

■ Appellants strongly argue to the effect that the evidence conclusively shows Miss Gebhart failed to keep a proper lookout and that this failure was *the* proximate cause of the accident in question. While there is evidence from which a trier of the facts might find Miss Gebhart failed to keep a proper lookout and that such failure was *a* proximate cause of the collision, it is our view that from the facts here it simply can not be said that the undisputed evidence demonstrates conclusively as a matter of law that Miss Gebhart failed to keep a proper lookout and that same was *the* proximate cause of the collision. While from the evidence a trier of the facts might find Miss Gebhart failed to keep a proper lookout and that such failure was *a* proximate cause of the collision, however, we are not here concerned with contributory negligence on the venue question. This is a matter to be properly considered in a trial on the merits. See Southwestern Public Service Company v. Cole, Tex.Civ.App., 428 S.W.2d 136, no writ, and authorities cited therein. Also in this connection see Page v. Patterson, Tex.Civ. App., 180 S.W.2d 660, no writ (opinion by Justice Norvell), wherein it was stated in part as follows:

"Where, however, the negligence of the defendant is a proximate cause of plaintiffs injuries and likewise the plaintiff's negligence is a proximate cause of said injuries, the contributory negligence of the plaintiff is described as constituting a defense to plaintiff's cause of action. Gulf, Colorado & Santa Fe Railway Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538; Houston & Texas Central Railroad Company v. Anglin, 99 Tex. 349, 89 S.W. 966, 2 L.R.A.,N.S., 386. Proof of contributory negligence of the plaintiff does not rebut or destroy the charge of negligence and resultant injury made against defendant but avoids liability therefor. Where the issue is venue and not liability, the matter of contributory negligence is not material, i. e., it is not a venue fact. Martin v. Cable, Tex.Civ.App., 140 S.W.2d 894; Heard & Heard v. Kuhnert, Tex.Civ. App., 155 S.W.2d 817."

■ Also after carefully considering and reviewing the entire record in this case in the light of the rules announced in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, it is our further holding that the trial court's implied findings of negligence and proximate cause against appellants, and the action of the trial court in overruling appellants' plea of privilege were not so contrary to the great and overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust.

We hold that the trial court under the record in this case correctly overruled appellants' plea of privilege. In addition to the authorities hereinbefore cited, see the following authorities dealing with analogous venue questions, to-wit: Heldt Bros. Trucks v. McCollum, Tex.Civ.App., 293 S. W.2d 214, no writ; Trevino v. Thomas, Tex.Civ.App., 317 S.W.2d 247, no writ; Frick v. Duge, Tex.Civ.App., 413 S.W.2d 750, no writ; Sunset Brick & Tile, Inc. v. Wessels, Tex.Civ.App., 419 S.W.2d 452, no writ.

All of appellants' points are overruled. The judgment of the trial court is affirmed.