John BROUSSARD, Appellant,

v.

COURTNEY'S PAINT COMPANY, Appellee.

No. 7362.

Court of Civil Appeals of Texas, Beaumont.

Aug. 31, 1972.

Motion for Rehearing Overruled Sept. 28, 1972.

W. E. Dryden, Beaumont, for appellant.

Fuller, Fuller & McPherson, Port Arthur, for appellee.

DIES, Chief Justice.

This is an appeal from an order changing venue following a hearing on a plea of privilege. The parties will be referred to as they were below.

Plaintiff alleged that while employed by Badger Company on a construction job in the DuPont plant, employees of defendant paint contractor sprayed paint in an area in which he was working causing him injuries and damages. The negligence assigned defendant company in plaintiff's petition follows:

"a. In failing to keep a proper lookout for the Plaintiff;

"b. In failing to warn the Plaintiff and others that they were paint spraying in their area;

"c. In failing to warn the Plaintiff and others to take necessary steps to safeguard themselves against the paint spray;

"d. In failing to take necessary steps in order to keep the paint spray from getting upon the Plaintiff;

"e. In failing to warn the Plaintiff of the danger of the paint with which they were spraying;

"f. Various other negligence."

To this defendant filed a plea of privilege to be sued in Harris County. Its original answer, filed subject to the plea, did not except to item "f" above.

Plaintiff's controverting affidavit alleged venue based on Exceptions 9a and 23 of Art. 1995, Vernon's Ann.Civ.St.

After a hearing, the trial court granted the plea of privilege from which plaintiff appeals.

Plaintiff, John Broussard, testified he was working in the control room of the Acrylon-Sol Unit of the DuPont plant "running an aluminum rack to the main panel board, and we had a scaffold—it has a real high ceiling, and we was up there about 15 feet—people come in, three of them with a mask on and just went to spraying, no warning, no nothing." He testified he got a little paint on him "but the fumes is what hurt." He had no mask on but the painters wore masks or breathing apparatus. That the fumes made him "deathly sick, vomiting, my stomach was hurting, my lungs was hurting, I had a headache." He then went to First Aid, then to a doctor and later to a hospital. He was given no warning at all by the painters. "They just set the bottles on the outside and we couldn't see them from where we was at, we was way up near the ceiling. When they started spraying they just came in and went to spraying." He was asked by defendant's counsel, "Is it your testimony that all of these three painters had on some sort of mask?" to which he answered, "That's right."

Interrogatories taken by plaintiff established that he sued the correct defendant, which was also admitted in court by defendant's attorney. Defendant answered that the paints used were "non-toxic". The defendant introduced no evidence.

To maintain venue when a defendant has filed a plea of privilege, all the plaintiff is required to do is make out a prima facie case. If the evidence is sufficient to support a finding in favor of the plaintiff in the absence of any evidence offered by the defendant, it is proper to overrule the plea of privilege. Harber v. Switzer, 403 S.W.2d 843, 844 (Tex.Civ.

App., Amarillo, 1966, no writ), and authorities cited. See also Austin Road Company v. Willman, 303 S.W.2d 878, 879 (Tex. Civ.App., Fort Worth, 1957, no writ) and Stephens v. Coppock, 212 S.W.2d 879, 880 (Tex.Civ.App., Dallas, 1948, no writ).

■ In such inquiry, contributory negligence of plaintiff is not an issue. Miller v. Cozart, 394 S.W.2d 22, 25 (Tex.Civ. App., Dallas, 1965, no writ); Heldt v. McCreary, 399 S.W.2d 181, 184 (Tex.Civ. App., Corpus Christi, 1966, no writ); Brown v. Latch, 416 S.W.2d 859, 863 (Tex.Civ.App., Texarkana, 1967, error dism.); Southwestern Public Service Company v. Cole, 428 S.W.2d 136, 138 (Tex. Civ.App., Amarillo, 1968, no writ); and Southland Supply Company v. Gebhart, 439 S.W.2d 393, 397 (Tex.Civ.App., Texarkana, 1969, no writ).

■ Extent of injuries or damages also is not an issue. Spoon v. Penix, 422 S.W. 2d 167, 168 (Tex.1967).

■ Prima facie evidence is that degree of evidence which suffices as proof of a particular fact until it is overcome by other evidence, either direct or indirect. 64 Tex.Jur.2d, Words and Phrases, p. 703 (1965).

■ We believe this plaintiff's testimony, undisputed and uncontradicted by defendant, is sufficient to raise a prima facie case of negligence on the part of the defendant which proximately caused plaintiff's injuries. Thus, we sustain plaintiff's points one and two that the trial court's findings were against the overwhelming weight and preponderance of the evidence. It then becomes our duty to reverse the judgment and remand the case for another hearing on the plea of privilege. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 100 (1953).

Reversed and remanded.