ATLAS TRUCK LINES, INC., Appellant,

v.

Kerry BACHELOR, et al., Appellees.

No. 8985.

Court of Appeals of Texas,
Texarkana.

Aug. 3, 1982.

Rehearing Denied Aug. 31, 1982.

H. C. McCracken, Jr., McCracken, Shields
& Taylor, Carrollton, Jack Pew, Jr., Jackson, Walker, Winstead, Cantwell & Miller,
Dallas, Victor Hlavinka, Atchley, Russell,
Waldrop & Hlavinka, Texarkana, for appellant.

Harold Nix, Daingerfield, Mark McMahon, Erskine, Dunn & McMahon, Longview, for appellees.

Before CORNELIUS, C. J., and HUTCHINSON and BLEIL, JJ.

HUTCHINSON, Justice.

This is an appeal from an order overruling the plea of privilege of Atlas Truck Lines, Inc., one of the defendants in a wrongful death action. The decedent, Charles Bachelor, a truck driver employed by Atlas, was killed on February 14, 1979, in an accident at the pipe yard of T & N Warehouse Company, the other defendant, in Morris County. Mr. Bachelor was a widower and the appellees are his mother and his six children, all residents of California. Both Atlas and T & N filed pleas of privilege asserting their right to be sued in Dallas County, the county of their domicile. The pleas were controverted on the basis of Tex.Rev.Civ.Stat.Ann. art. 1995, § 9a (Vernon Supp. 1982), §§ 23 and 29a (Vernon 1964). Following an evidentiary hearing both pleas of privilege were overruled. Only Atlas appeals. No findings of fact and conclusions of law were requested or filed.

Mr. Bachelor was dispatched by Atlas to the T & N pipe yard in a truck and a flat bed trailer. T & N employees were to load part of an order of oil field pipe on the trailer which Bachelor was then to haul to Louisiana. Another Atlas driver, Irvin James, was also dispatched at the same time.

Bachelor's load consisted of nineteen joints of pipe, each joint being sixteen inches in diameter and approximately 43 feet long and weighing approximately 2700 pounds. T & N employees first tried to use six joints of pipe as the base of the load, topped by a layer of five joints, then four, three and two joints. Bachelor's trailer was not wide enough to accommodate the six bottom joints. T & N loaders used a different method by placing a bottom layer of five joints on the trailer bed with an added layer of five, four, three and two joints on top. Between the bottom five layer and

the second layer a stripping was done. Four by four strips are normally used for stripping heavy pipe such as the pipe involved here, but T & N's forklift operator was unable to locate four by fours and after a short search returned with two by fours. Without Bachelor's knowledge these two by fours were used to strip the load. After all the pipe was loaded Bachelor attempted to throw a chain over the pyramid of pipe to secure the load. At this time the two by fours cracked and allowed the pipe to roll off the trailer. Bachelor was crushed and died from the injuries received.

Atlas raises four points of error which challenge the sufficiency of the evidence to support a finding of negligence and proximate cause. As noted, findings of fact and conclusions of law were not requested or filed and in such cases the action of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.1968). And, the trial court judgment implies all fact findings in support of its judgment. In reviewing the record to determine if there is any evidence supporting the judgment and its implied findings, it is proper to consider only the evidence favorable to the issue and to disregard all evidence or inferences to the contrary. *Carter v. William Sommerville and Son, Inc.,* 584 S.W.2d 274 (Tex.1979). If by discarding all adverse evidence and giving credit to all evidence that is favorable to the judgment and indulging every legitimate conclusion favorable to the judgment which might have been drawn from the facts proved, if the judge might have found as he did, then there is sufficient evidence to support the finding. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (1953); *Sunset Brick and Tile, Inc. v. Miles,* 417 S.W.2d 93 (Tex.Civ.App.—Corpus Christi 1967, no writ).

■■ In order to maintain venue against Atlas in Morris County under Article 1995, § 9a or § 23, it was necessary to prove that a negligence cause of action arose in that county. It must have been

established by a preponderance of the evidence that an act of negligence occurred in the county, that Atlas was responsible for the act and that such negligence was a proximate cause of the injuries. The three elements of actionable negligence are: 1) a legal duty owed by one person to another, 2) a breach of that duty, and 3) damage proximately resulting from such breach. It is well established that an employer has certain nondelegable and continuous duties to his employees. Among these are the duty to warn employees as to the hazards of employment and to supervise their activities, the duty to furnish a reasonably safe place in which to labor and the duty to furnish reasonably safe instrumentalities with which employees are to work. *Farley v. M M Cattle Company*, 529 S.W.2d 751 (Tex.1975); *Harrison v. Harrison*, 597 S.W.2d 477 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.).

 The evidence will support a finding by the trial court that Atlas had a duty to supply Mr. Bachelor with the proper equipment for hauling the load that he was assigned and that the proper "pins" to carry the load and four by fours with which to "strip" the load were not provided. The failure to supply the proper pins and boards for "stripping" the load were proximate causes of the accident and resulting damages. The evidence clearly shows that the failure to provide the right stripping material was the reason the load fell from the truck. The two essential elements of proximate cause, foreseeability and cause in fact, were established. Cause in fact means that the omission was a substantial factor in bringing about the injury and without which no harm would have occurred and foreseeability was satisfied by showing that a person of ordinary intelligence should have anticipated the danger. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901 (Tex.1980). Viewing the facts in the light most favorable to the ruling and indulging in all reasonable inferences, it appears that the trial court had ample evidence upon which to conclude there was ample proof of a negligence cause of action.

Atlas by its fifth point of error points out that Article 1995, § 29a does not apply because it is not a necessary party. Joint tort-feasors are not necessary parties, *Stanley v. Savage*, 489 S.W.2d 461 (Tex.Civ. App.—Corpus Christi 1972, no writ), and the point of error is well taken, but has no bearing on the outcome of this appeal since venue was established under Sections 9a and 23 of Article 1995.

The order of the trial court is affirmed.