**CLUBB TESTING SERVICE, INC.,**
**Appellant,**

v.

**William R. SINGLETARY, Appellee.**

**No. 14409.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 20, 1965.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellant.

Ewers, Toothaker, Ewers, Byfield & Abbott, McAllen, for appellee.

CADENA, Justice.

This is a plea of privilege case. Appellee, William R. Singletary, plaintiff below, filed suit in Starr County against appellant, Clubb Testing Service, Inc., a Texas corporation, hereinafter designated as "the corporation," to recover for services performed and materials furnished by plaintiff under an alleged oral contract with the corporation. The corporation filed its plea of privilege to be sued in its domiciliary county, Nueces County. Plaintiff seeks to maintain venue in Starr County under subdivision 23 of our venue statute, Art. 1995, Vernon's Ann.Civ.Stats., which allows suit against a corporation to be maintained in any county where the cause of action, or a part thereof, arose. The trial court, after a hearing, overruled the corporation's plea of privilege.

In December, 1964, plaintiff, apparently as an independent contractor, was laying a pipe line in Starr County for Moncrief and Dillon, a Louisiana firm. Moncrief and Dillon had purchased the pipe from appellant corporation. After tests of the line disclosed several leaks, plaintiff called the telephone number of the corporation's office in Corpus Christi, Nueces County, and talked to a Mr. Ed Clubb. After plaintiff had told Clubb of the defective pipe, he was told by Clubb to make the necessary repairs and send his bill to the corporation. Plaintiff did so, but the corporation has refused to pay.

Plaintiff further testified that he discussed the matter on one occasion, after the work was completed, with Mr. Clubb at the offices of the corporation in Corpus Christi, and that a Mr. Tom Greene was present.

Plaintiff stated that he had no knowledge concerning Clubb's position with the corporation, and that he had had no prior dealings with either Clubb or the corporation. He did not know Greene's relation to the corporation, having had no "connection" with Greene in any way insofar as the corporation was concerned.

Plaintiff further testified that in January, 1965, he received a letter, written on the corporation's letterhead, from Greene.

In this letter the writer stated that it was his understanding that plaintiff talked to Clubb on the telephone concerning the correctness of the bills submitted by plaintiff. Accompanying this letter was a copy of a letter, written on the corporation's letterhead, addressed to Moncrief and Dillon, Lafayette, Louisiana. This letter contains the following statement: "We hereby inform you that we have a serious disagreement with Mr. Singletary (plaintiff) and are going to protect our position in every way possible. In short, his bills were out of reason." The copy of this letter bore no handwritten signature, although the name "Thomas J. Greene" was typewritten at the bottom.

Plaintiff called as a witness Parker Ellzey, Esq., counsel for the corporation in this case, who, after stating that his law firm had not previously represented the corporation in any matter, testified that he had been retained by Greene to represent the corporation in this litigation. But he said that he did not know whether either Clubb or Greene was an officer or director of the corporation. With reference to his employment in this case, Mr. Ellzey testified: "Mr. Tom Greene contacted our firm to employ us. I didn't check into his authority. I feel sure that he has authority to employ an attorney for defendant. Exactly what his position with Clubb Testing Service, Inc., is, I don't know. I just took his word that he had authority to employ attorneys." Mr. Ellzey further testified that he "assumed" that Greene had authority to employ counsel to defend the suit.

■ Plaintiff, of course, had the burden of proving every element of a cause of action, at least part of which arose in Starr County, against the corporation in order to bring himself within the exception embodied in Subd. 23. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605 (1950). In order to discharge this burden, it was incumbent on plaintiff to prove that the contract on which he relies was made on behalf of the corporation by someone authorized to bind the corporation by contract. Stockyards Nat. Bank of Fort Worth v. Alexander, Tex.Civ.App., 113 S.W.2d 288, no writ. This fact, essential to the existence of a cause of action against the corporation, was not proved in this case.

■ There is a complete absence of evidence showing what authority, if any, Clubb or Greene had to act on behalf of the corporation. We cannot accept plaintiff's contention that the fact that the name "Clubb" appears as a part of the corporate name of appellant justifies the inference that Mr. Ed Clubb was an officer or director of the corporation or that he had authority to bind the corporation by contract.

■ The letter which plaintiff said he received from Greene in January, 1965, is insufficient to show Greene's authority in this case. While it may be true that proof of agency may be made by letters, bearing on the fact of agency, written by the principal officers of the corporation, letters written by an alleged agent, even when written on the corporate letterhead, are insufficient to prove the authority of the writer. 19 C.J.S. Corporations § 1031, p. 516.

■ The testimony of Mr. Ellzey concerning his employment as counsel in this case falls far short of justifying a finding that Greene had authority to bind the corporation. It amounts to no more than a statement of the opinion of the witness concerning Greene's authority to retain attorneys, and even this opinion is based on the purported agent's assertion of authority.

Even if it be conceded that the evidence is sufficient to support the inference that Clubb and Greene were employees, or even officers of the corporation, there is no basis for concluding that they had authority to enter into the contract on which plaintiff

relies. There is no showing that either had express authority to make the contract in question, and the record presents no facts which would support a finding of apparent authority. Plaintiff had had no prior dealings with Clubb, Greene or the corporation which could form the basis of an assumption on his part concerning their authority.

 Plaintiff next contends that the evidence supports a finding that the corporation ratified the contract in question. But there is no showing that any officer of the corporation, with knowledge of the facts, engaged in a course of conduct which would amount to such approval and ratification as would bind the corporation. Nei-

ther Clubb nor Greene could ratify his own unauthorized acts. A binding ratification must be based upon the facts of those who could have conferred the power to enter into the contract in question, and it must be based upon a knowledge of the facts. That is, it must be shown that the facts were known to the officers who could have ratified the contract. Kansas City, M. & O. Ry. Co. of Texas v. City of Sweetwater, 104 Tex. 329, 137 S.W. 1117. An agent who negotiates a contract without authority has no power to ratify it.

The judgment of the trial court is reversed and judgment is here rendered sustaining the plea of privilege of appellant, Clubb Testing Services, Inc.