**TEAGUE BRICK & TILE COMPANY,**
**Appellant,**

v.

**B. B. SNOWDEN, Individually and d/b/a S & S Building Materials Company, Appellee.**

**No. 161.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

April 23, 1969.

**420**

W. A. Keils, Jr., Teague, for appellant.

V. C. Brown, Texas City, for appellee.

BARRON, Justice.

This is a plea of privilege case.

B. B. Snowden, individually and doing business as S & S Building Materials Company, plaintiff, sued Teague Brick & Tile Company, defendant, seeking damages for breach of an alleged oral contract, and seeking damages for harassment, slander and libel, together with punitive damages. Suit was filed in the District Court of Galveston County, Texas.

Teague Brick & Tile Company filed plea of privilege, in which it admitted that it was a private corporation, and such plea was controverted by the plaintiff. After a hearing, the trial court overruled defendant's plea of privilege, and defendant has properly perfected its appeal to this Court. Defendant is domiciled at Teague, Freestone County, Texas.

Plaintiff relies on exceptions 5, 23 and 29 of Article 1995, Vernon's Ann.Civ. St., to maintain venue of this action in Galveston County, Texas. The alleged contract being oral, exception 5, of course, does not apply. The principal reliance is upon exception 23 of the venue statute, which provides that suits may be filed and venue maintained in the county in which the cause of action or part thereof arose.

Defendant contends that the trial court erred in overruling its plea of privilege, because plaintiff failed to prove any cause of action against defendant and particularly failed to show that any person involved

had the authority to bind the corporation in connection with any contract with plaintiff, either oral or in writing.

The evidence shows that Snowden had sold brick for defendant prior to June, 1967, and that he had become indebted to defendant in the sum of $1,843.65. Default judgment was obtained by Teague on or about August 1, 1967, and abstracts of judgment were placed of record in Galveston and Montgomery Counties. On May 19, 1967, plaintiff, or his wife, sent Teague a check for $443.36 for merchandise. The check was returned and was marked "insufficient." The attorney for Teague mailed plaintiff, Snowden, three letters demanding payment of the check and in at least two of the letters the attorney stated that Teague intended to file criminal action against Snowden unless the check was promptly paid. So far as this record is concerned, the statement was communicated by the attorney and was addressed solely to B. B. Snowden. After attempts to collect the judgment and the check had failed, W. A. Keils, Jr., attorney representing Teague in the transaction, Fenton Smith, whose identity and authority were never shown, and one Adrian H. Chelette, of Harris County, a commission salesman purchasing brick from Teague and other companies, went to Snowden's home in Galveston, Texas, and had a conference with Snowden. Snowden testified that the three made an agreement with him to sell brick for Teague on a commission partly for the purpose of enabling him to pay the check and the judgment above referred to. He stated that Mr. Keils did most of the talking, and he admitted that he did not know the authority or capacity of Mr. Smith. Snowden testified that he was to be paid $4.00 per thousand for brick sold, and that he did place some orders for brick. When asked the amount of his sales, he introduced in evidence a statement which showed a total of about $284.00 and stated that he had never been paid. He further stated that Chelette and others had interfered with his business by cutting him off from his

brick supply, but he never fully identified Teague or any authorized representative of the firm with any such action. Moreover, such statements appear in the record without further development, and there was no testimony showing how such action, if true, interfered with his business or affected other sources of brick.

Keils denied that he had any authority to bind Teague in any way; that he was not a stockholder, owner, manager or employee of the defendant company and merely represented Teague as an attorney, particularly in this transaction. Chelette who is not a party to this suit testified that he was not an employee of Teague and was not connected with the company in any way except that he bought brick from Teague and other companies. He further testified that when he sold Teague's product Teague paid him a commission for the sales, and that he had no authority to bind defendant in any way. He testified that he did make an arrangement later with plaintiff to sell brick through him, Chelette and he was to be paid by Chelette for the orders given him by plaintiff. Keils denied that he had made any such arrangement with Snowden, and he testified that he told Snowden that his interest was only in collecting the judgment and check.

The time of the alleged agreement was never stated, and it is plain from the record that Snowden was referring to Chelette when he referred to Teague Brick & Tile Company. Other testimony in the record shows that Teague refused to deal with plaintiff in any manner after the insufficient check was received.

█ The well established rule in cases of this type require that we consider the evidence and inferences to be properly drawn therefrom in the light most favorable to the prevailing party, and it is the duty of the Court of Civil Appeals in considering controverted issues of fact to accept as true the testimony which tends to support the judgment of the trial court. However, after careful consideration of

**422**

this case, we are of the opinion that the judgment of the trial court is not supported by the evidence. Defendant's attorney, who had represented Teague in the prior lawsuit against plaintiff, and who was attempting to collect the judgment obtained against him, had no authority to bind defendant to any contract such as plaintiff claims was made, unless plaintiff discharged its burden of proving that the attorney was authorized to settle the claim in such a manner. Portis v. Ennis, 27 Tex. 574, 575; 7 Tex.Jur.2d, Sec. 55, p. 109. This was not done. An attorney is a special, as distinguished from a general, agent and does not have the authority absent proof of his authority, to make such a contract. 7 Tex.Jur.2d, p. 94.

■ There is absolutely no evidence in the record to show the power or authority of Fenton Smith to bind Teague Brick & Tile Company on any such agreement or contract with plaintiff. The evidence, in our opinion, clearly shows that Chellette was merely a salesman who purchased brick from defendant, and sold brick on commission when he could do so. His authority to bind Teague on the contract is not shown by the record.

The evidence is wholly insufficient to show a cause of action in favor of plaintiff against defendant for wrongful interference and harassment in his business.

■ The letters sent personally to plaintiff in which Teague's attorney stated that criminal charges would be filed unless the check was paid, which charges were never filed, does not constitute libel or slander. See 36 Tex.Jur.2d, Secs. 32, 36, "Libel and Slander." Exception 29 is therefore inapplicable.

■ Plaintiff had the burden of proving all elements of a cause of action partly arising in Galveston County, Texas. It was incumbent on him to prove that the contract on which he relies was made on behalf of the corporation by someone authorized to bind the corporation by con-

tract. There is no evidence in the record to sustain plaintiff's burden. Clubb Testing Service, Inc. v. Singletary, 395 S.W.2d 956, 958 (Tex.Civ.App.), no writ; Tarver, Steele & Co. v. Pendleton Gin Co., 25 S.W. 2d 156 (Tex.Civ.App.), no writ hist.; First Nat Bank of Levelland v. Jaggers, 86 S.W.2d 812 (Tex.Civ.App.), no writ hist. And see Summers v. Skillern & Sons, Inc., 381 S.W.2d 352 (Tex.Civ.App.), writ dismd.; Ideal Baking Company v. Boyd, 417 S.W.2d 613 (Tex.Civ.App.), no writ hist.

The case is reversed and remanded to the trial court with instructions to transfer this action to the District Court of Freestone County, Texas.