**KIMBELL, INC., d/b/a Buddie's Grocery Store, Appellant,**

v.

**James M. BLOUNT, Appellee.**

**No. 12629.**

Court of Civil Appeals of Texas, Austin.

Jan. 18, 1978.

Louis S. Muldrow, Naman, Howell, Smith, Lee & Muldrow, Waco, for appellant.

William O. Whitehurst, Jr., Kidd, Whitehurst & Rohn, Austin, for appellee.

O'QUINN, Justice.

James M. Blount brought this suit in district court of Bell County to recover damages growing out of personal injuries alleged to have been sustained when Blount slipped and fell on the floor of a grocery store in Killeen owned and operated by Kimbell, Inc., doing business as Buddie's

**12**

Grocery Store, which was domiciled in Tarrant County.

Kimbell filed its plea of privilege to be sued in Tarrant County, and Blount filed his controverting affidavit. Upon hearing, the trial court overruled Kimbell's plea of privilege, from which order Kimbell has appealed. We will reverse the trial court's judgment and render judgment that the plea be sustained and the cause be transferred to district court of Tarrant County.

■ By the controverting affidavit, Blount sought to retain venue in Bell County under Subdivisions 9a and 23 of Article 1995, V.A.C.S. It was the burden of Blount, as plaintiff, to plead specifically and prove the facts relied on to bring the case within one of the exceptions of Article 1995. *A. H. Belo Corporation v. Blanton*, 133 Tex. 391, 129 S.W.2d 619 (1939). It is settled that Blount had the burden to prove a cause of action against Kimbell to maintain suit in Bell County under both Subdivisions 9a and 23. *Furr's Super Market, Inc. v. Jernigan*, 380 S.W.2d 193, 194 (Tex.Civ. App.—Amarillo 1964, no writ), and cases there compiled.

■ Venue facts required to be proved in this case, under Subdivision 9a, were (1) that an act or omission of negligence occurred in Bell County where suit was filed, (2) that the act or omission was that of Kimbell by its servant, agent or representative, acting within the scope of employment, and (3) that such negligence was a proximate cause of plaintiff's injury. *Watkins v. Goolsby*, 337 S.W.2d 363 (Tex.Civ. App.—Eastland 1960, no writ).

■ Subdivision 23, which provides that suits against a corporation may be brought in the county "in which the cause of action or part thereof arose," places the burden on plaintiff to prove all elements of his cause of action properly arising in the county where suit is brought. *Teague Brick & Tile Co. v. Snowden*, 440 S.W.2d 419, 422 (Tex. Civ.App.—Houston (14th Dist.) 1969, no

writ); *Socony Mobil Co. v. Southwestern Bell Tel. Co.*, 518 S.W.2d 257, 267 (Tex.Civ. App.—Corpus Christi 1974, no writ); *Wright v. Climatic Air Sales, Inc.*, 527 S.W.2d 518, 520 (Tex.Civ.App.—Houston (1st Dist.) 1975, no writ).

■ In actions designated "slip and fall cases," plaintiff has the burden to prove (1) that defendant placed the foreign substance on the floor, or (2) defendant knew the substance was on the floor and negligently failed to remove it, or (3) that the substance had been on the floor for such period of time it would have been discovered and removed by defendant in the exercise of ordinary care. Plaintiff must discharge the burden by proving, either by direct or circumstantial evidence, the elements necessary to support the allegations of negligence. *J. Weingarten, Inc. v. Tyra*, 381 S.W.2d 215, 218 (Tex.Civ.App.—Tyler 1964, no writ); *Brookshire Bros., Inc. v. Cherry*, 387 S.W.2d 108 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.); *H. E. Butt Grocery Company v. Russell*, 391 S.W.2d 571 (Tex.Civ. App.—Waco 1965, writ ref'd n.r.e.).

■ Blount testified that he went into defendant's grocery store in the late afternoon or early evening of Christmas Eve, in 1974, to buy groceries, and after he had "parked the cart, and walked over towards the egg counter," his "feet shot out from under me or something, substance that was slick." Blount added, "I don't know what it was. I didn't see nothing. And I fell, broke this arm and injured my back."

On cross examination, Blount admitted he never at any time saw any liquid or substance on the floor, neither saw, felt, smelled, nor by any other sense, could say of his own personal knowledge that there was anything on the floor, and did not find any liquid substance on or about his clothing following the fall. Blount stated, by deposition and again at the hearing, that he was looking to see what grade of eggs he wanted, and while standing completely still, simply slipped and fell.

In addition, Blount offered the testimony of Robert Pegelow, who witnessed the fall.

Pegelow testified that the store was always very busy, and that on this particular night many people were walking up and down most of the store aisles. Pegelow approached the egg counter just ahead of Blount and observed "wet footsteps" and a "large puddle." "I thought it was water," Pegelow said. "It was a clear substance." The puddle was "L-shaped," a clear liquid, about six to eight feet in length. Pegelow testified that he did not know what the liquid was, did not know where it had come from, and had no personal knowledge as to how long the substance had been there.

Pegelow was willing to speculate, and did, that the puddle had been on the floor "awhile" because of the number of footprints and cart tracks extending from the puddle for a distance in several directions, some of which tracks and prints were beginning to get faint. Pegelow stated that Blount fell "almost immediately" after Pegelow had walked ahead of Blount through the puddle, and in this brief time, two couples had pushed carts through the puddle. Pegelow added that there were "at least a dozen" persons in and around the same area within these few seconds. Pegelow saw no store employees in the vicinity and none near the adjacent stockrooms prior to the time Blount fell.

In further speculation, Pegelow suggested that the substance was either liquid wax or liquid detergent, although the witness admitted that he did not know if the substance was either wax or detergent. Because there was no evidence of some container, such as broken glass, Pegelow speculated that the puddle probably was the result of an unfinished cleanup operation by store employees. But, when asked whether he had seen any physical evidence of a cleanup effort, Pegelow replied in the negative. Pegelow conceded that it was only a "guess" that the liquid had come from a mop bucket or the like.

There simply is no evidence that the agents or employees of Kimbell caused the liquid substance or puddle to be on the floor, or that Kimbell, through its agents, knew of the presence of the "clear liquid" at the place where Blount fell. There is a complete lack of evidence that the substance was there for such length of time that it was the duty of Kimbell, in the exercise of ordinary care, to know of its presence and remove it.

We can only conclude that Blount failed to establish negligence on the part of Kimbell. Appellee's failure to prove an essential venue fact requires reversal of the judgment of the trial court.

The order of the trial court denying Kimbell's plea of privilege is reversed. We render judgment that Kimbell's plea be sustained, and the case is ordered transferred to district court of Tarrant County.