**H. E. BUTT GROCERY COMPANY,**
**Appellant,**

v.

**Mary PENA, Appellee.**

**No. 13088.**

Court of Civil Appeals of Texas,
Austin.

Jan. 16, 1980.

Karen Parker, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellant.

Vincent J. Scanio, Jr., Scanio & Scanio, San Marcos, for appellee.

SHANNON, Justice.

This is an appeal from an order overruling appellant's plea of privilege and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995, subdivisions 9a and 23 (1964).

Appellee Mary Pena sued appellant H. E. Butt Grocery Company in the county court at law of Hays County for personal injuries. Appellee alleged in her petition that on July 4, 1978, she slipped and fell on a slick spot on the floor of appellant's San Marcos store, thereby causing her injury. Appellee claimed appellant was negligent: (1) in failing to keep the floor in a safe condition; (2) in failing to inspect the floor; and (3) in failing to warn appellee of the slick spot after it knew or should have known of the presence of the slick spot. Such negligence, appellee pleaded, was a proximate cause of her injuries.

Appellant filed a plea of privilege praying that the cause be transferred to Nueces County, the county of its residence. Appellee filed a controverting affidavit relying upon subdivisions 9a and 23.

After trial before the court, judgment was entered overruling appellant's plea of privilege. We will reverse that judgment.

**958**

Texas Rev.Civ.Stat.Ann. art. 1995, subdivision 9a (Supp.1978–79) provides:

"Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the tort-feasor, in person, or that of his servant, agent or representative acting within the scope of his employment, or that of the person whose estate the defendant represents as executor, administrator, or guardian.

3. That such negligence was a proximate cause of plaintiff's injuries."

■ Subdivision 23, which provides that suits against a corporation may be brought in the county "in which the cause of action or part thereof arose," places the burden on the plaintiff to prove all elements of his cause of action properly arising in the county where suit is filed. *Kimbell, Inc. v. Blount,* 562 S.W.2d 10 (Tex.Civ.App.1978, no writ).

■ The duty of the occupier of premises to business invitees includes the duty to use ordinary care to keep the premises in a reasonably safe condition so that the invitee will not be injured. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (Tex. 1950). To show a breach of that duty, in a "slip and fall" case involving the presence of a foreign object on the floor of the premises, the plaintiff must prove: (1) that defendant placed the foreign object on the floor; or (2) that defendant knew the object was on the floor and negligently failed to remove it; or (3) that the object had been on the floor for such period of time that it should have been discovered and removed by defendant in the exercise of ordinary

care. *Missouri, K. & T. Ry. Co. of Texas v. Jones,* 103 Tex. 187, 125 S.W. 309 (Tex. 1910); *H. E. Butt Grocery Co. v. Johnson,* 226 S.W.2d 501 (Tex.Civ.App.1949, writ ref'd n. r. e.); *H. E. Butt Grocery Company v. Russell,* 391 S.W.2d 571 (Tex.Civ.App. 1965, writ ref'd n. r. e.); *Kimbel, Inc. v. Blount, supra.*

■ Appellant's basic complaints are that the judgment overruling its plea of privilege is supported by no evidence or, alternatively, by insufficient evidence. In considering a "no evidence" point of error, the reviewing court must reject all evidence contrary to the judgment and consider only the facts and circumstances that tend to support the judgment. *Renfro Drug Co. v. Lewis, supra.* In reviewing factual sufficiency points of error, the court considers all of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

■ Appellee's proof of her claim consisted of her testimony and that of her companions, Gloria Esparza and Alma Juarez. Appellee did not call the store manager or other employees as witnesses. Appellee and her friends entered the store at about 3:30 in the afternoon. Appellee had walked a foot or two through the turnstile when she fell. She did not see anything on the floor prior to falling. After her fall, appellee knew that she had stepped in some liquid because the seat of her pants was wet. Appellee thought the liquid must have been Coca Cola. Judging by how wet her pants were after the fall, appellee surmised ". . . it must have been a big spot a lot of Coke, you know." There were no cups, broken glass, or ice about the puddle.

Appellee saw no one spill anything on the floor. She did not know how the liquid came to be on the floor, nor did she know how long it had been on the floor.

Appellee testified that she saw an employee of the store working "right close" to the location where she fell. Gloria described the clerk's location as being "kind of down the aisle." The clerk, instead of helping appellee when he saw her predicament,

ran to the rear of the store and returned with a mop to clean up the liquid.

There was no evidence that appellant or its agents put the liquid on the floor. Appellee concedes, as she must, that there was no direct evidence that appellant or its agents knew that the fluid was on the floor or that it had been on the floor for such a period of time that appellant or its agents should have discovered and removed it. In defense of the judgment, appellee states, "The real issue in this appeal is whether the substance in which plaintiff slipped was on the floor for such time that defendant should have discovered it in the exercise of ordinary care." Appellee then argues that there was circumstantial evidence supporting the judgment. We do not agree.

In corroboration of her argument, appellee suggests ". . . any ice which *may have been* present in the liquid had melted, despite the presence of air conditioning. The absence of any container is some evidence that a container had been removed prior to a further clean-up of the liquid itself." (Emphasis added).

A fact may be established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved. *Texas & N.O.R. Co. v. Warden*, 125 Tex. 193, 78 S.W.2d 164 (Tex.Com.App.1935, opinion adopted); *West v. Cashin*, 83 S.W.2d 1001 (Tex.Civ.App.1935, writ dism'd). Appellee's argument, of course, assumes facts not proved: (1) that there was ice in the liquid when the liquid was poured or spilled on the floor and that it took some period of time for the ice to melt and (2) that a cup or container was dropped on the floor with the liquid. Since these assumptions were not proved, it cannot be reasonably inferred that the appellant should have known of the existence of the spill.

The judgment is reversed and the cause is remanded to the county court at law of Hays County with directions that the cause be transferred to the county court at law, Nueces County, Texas.

Reversed and Remanded with Instructions.