**FURR'S INCORPORATED, Appellant,**

**v.**

**Bernice PATTERSON, Appellee.**

**No. 9262.**

Court of Civil Appeals of Texas,
Amarillo.

June 15, 1981.

Underwood, Wilson, Sutton, Berry, Stein & Johnson, R. A. Wilson, Amarillo, for appellant.

Wayne B. Barfield, Amarillo, for appellee.

DODSON, Justice.

The defendant, Furr's Incorporated, appeals from the order of the trial court overruling its plea of privilege to be sued in Lubbock County, Texas. The defendant is a Texas corporation with its principal place of business in the City of Lubbock, Lubbock

County, Texas. Concluding that the evidence is legally and factually sufficient to sustain venue in Potter County, Texas, under subdivision 9a of article 1995,[1] we affirm the order of the trial court.

The record in this case shows that the plaintiff, Bernice Patterson, shopped for groceries at the Furr's grocery store number 51 located at 2201 East 27th Street in Amarillo, Potter County, Texas, on 1 October 1977. After paying for her groceries, she left the store through its automatic doors. She testified that she was writing in her checkbook and walking out at the same time. As she proceeded to the rampway outside of the store, she turned around to see if the "cart boy" was following. When she turned back around, she noticed a rather large, rectangular S & H Green Stamp sign in front of her. The plaintiff testified that it flashed through her mind that she would fall either over the sign or around it, and, her right side being the most "prominent one", she fell around the sign on the right side. She testified that the sign was located on the rampway used as a cart path. A photograph admitted into evidence shows that the sign is located roughly in the middle of the rampway.

As a result of the accident, the plaintiff suffered a broken hip which was corrected by surgery. She filed this action against the defendant on 2 October 1978, and alleged that the defendant was negligent in failing to maintain the exits and entrances to the grocery store in a reasonably safe and unobstructed condition. On 24 October 1978, the defendant filed its plea of privilege and, subject thereto, its answer. In her controverting plea, the plaintiff alleged that venue would properly be sustained in Potter County, Texas, under either subdivision 9a or subdivision 23 of Article 1995.

■ Subdivision 9a allows suits for negligence to be brought in the county where the negligent act occurred. The venue facts required to be shown are set forth as follows:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the tort-feasor, in person, or that of his servant, agent or representative acting within the scope of his employment, or that of the person whose estate the defendant represents as executor, administrator, or guardian.

3. That such negligence was a proximate cause of plaintiff's injuries.

Subdivision 23 allows suits against corporations to be brought in the county in which the cause of action, or part thereof, arose, provided the corporation has an agency or representative in that county. It places the burden on the plaintiff to prove all elements of his cause of action properly arising in the county where the suit was filed. *H. E. Butt Grocery Co. v. Pena*, 592 S.W.2d 956, 958 (Tex.Civ.App.—Austin 1980, no writ).

■ After a hearing on the plea, the trial court entered an order overruling the defendant's plea of privilege. No findings of fact or conclusions of law appear in this record. Thus, we have a duty to affirm the order of the court on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977).

In its second, third, sixth, seventh and eighth points of error, the defendant essentially contends that the trial court erred in overruling its plea of privilege because the evidence is legally and factually insufficient to support its implied findings that: (1) the sign involved such an unreasonable risk of harm to invitees as to constitute negligence; and (2) the sign was a proximate cause of the occurrence. The defendant does not challenge the trial court's implied finding that the act or omission in question was that of the defendant, or that of its servant, agent or representative acting within the course and scope of his employment.

Our determination of the questions presented in the appeal is governed by settled principles of law applicable to

1. All references to article 1995, or its subdivisions, may be found in Tex.Rev.Civ.Stat.Ann. art. 1995 (Vernon 1964; Vernon Supp.1980–1981).

"premise" cases. In *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 517 (Tex.1978), the Supreme Court abolished the elusive "no duty doctrine" established in *Robert E. McKee, General Contractor, Inc. v. Patterson*, 153 Tex. 517, 271 S.W.2d 391 (1954), and returned "premise" cases to trials upon negligence principles. Actionable negligence consists of three essential elements: a legal duty owed by one person to another, a breach of that duty and damages proximately resulting from such breach. *See, e. g., Abalos v. Oil Development Co.*, 544 S.W.2d 627, 631 (Tex.1976); *Coleman v. Hudson Gas and Oil Corp.*, 455 S.W.2d 701, 702 (Tex.1970); *Producers Grain Corp. v. Lindsay*, 603 S.W.2d 326, 329 (Tex.Civ.App. —Amarillo 1980, no writ).

▮ In this instance the defendant's duty is expressed in *Carlisle v. J. Weingarten, Inc.*, 137 Tex. 220, 152 S.W.2d 1073, 1075 (1941), where the court stated:

It is settled by the law of this State that if the plaintiff was on the premises as an invitee, it was the defendant's duty to exercise ordinary care to keep its premises in a reasonably safe condition, so that the plaintiff would not be injured; and that if the defendant failed so to do, it would be liable for the damages proximately caused thereby. *Kallum v. Wheeler*, 129 Tex. 74, 101 S.W.2d 225.

Thus, the basic duty of a landowner or occupier to his business invitees is to exercise ordinary care to keep the premises in a reasonably safe condition. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975); *Seideneck v. Cal-Bayreuther Assoc.*, 451 S.W.2d 752, 754 (Tex.1970). He breaches that duty if, in the absence of ordinary care, he creates or maintains an unreasonable risk of harm. *Seideneck v. Cal-Bayreuther Assoc.*, 451 S.W.2d at 536.

▮ In her original petition, the plaintiff alleged that the defendant negligently failed to maintain the exits and entrances to the store in a reasonably safe and unobstructed condition and that it negligently placed the S & H Green Stamp display sign

directly in the pathway of customers entering and exiting the store. The evidence shows that the sign was located in the middle of and obstructed a designated cart path which is an entrance to and exit from the store. Thus, we conclude that the probative evidence, and reasonable inferences therefrom, support the trial court's implied findings that the defendant negligently failed to maintain the pathway in a reasonably safe and unobstructed manner and that it negligently placed the S & H Green Stamp display sign directly in the pathway of customers entering and exiting from the store. In support of our conclusion, *see generally Coffee v. F. W. Woolworth Co.*, 536 S.W.2d 539 (Tex.1976). We further conclude that the evidence in support of the implied findings is not so weak and that the evidence to the contrary is not so overwhelming that the implied findings should be set aside.[2]

We also conclude that the evidence is legally and factually sufficient to support the trial court's implied finding that the act or omission of negligence was the proximate cause of the plaintiff's injuries. We agree with the defendant that "proximate cause" has two elements: (1) cause-in-fact, and (2) foreseeability. *Missouri P. R. R. Co. v. American Statesman*, 552 S.W.2d 99, 103 (Tex.1977). As stated in *Missouri P. R. R. Co.*: "Cause in fact as an element of proximate cause means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred." *Id.* From the evidence, the trial court reasonably could have concluded that but for the sign obstructing the rampway the collision would not have occurred. There is cause-in-fact.

▮ In *Missouri P. R. R. Co.*, the court also defined "foreseeability" as follows:

Foreseeability is satisfied by showing that the actor as a person of ordinary intelligence should have anticipated the danger to others by his negligent act.

2. For the legal standards which govern our review of legal and factual insufficiency challenges, *see Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

Foreseeability does not require that the actor anticipate just how the injuries will grow out of the particular dangerous situation. *Clark v. Waggoner, supra; Hopson v. Gulf Oil Corp.*, 150 Tex. 1, 237 S.W.2d 352 (1951). An act wanting in ordinary care which actively aids in producing an injury as a direct and existing cause *need not be the sole cause*; but it must be a concurring cause and such as might reasonably have been contemplated as contributing to the result under the attending circumstances. It matters not what the actor believed would happen, but whether he ought to have reasonably foreseen that the event in question or some similar event, would occur. *Clark v. Waggoner, supra,* [452 S.W.2d 437] at 440; *Gonzales v. City of Galveston*, 84 Tex. 3, 19 S.W. 284 (1892) (emphasis theirs).

*Id.* at 103–04. From the evidence, the trial court reasonably could have concluded that by obstructing the rampway with the sign, the defendant should have reasonably foreseen or anticipated that the event in question or some similar event would occur. Whether the plaintiff was walking toward the sign while writing in her checkbook or looking another direction is a defensive matter not properly raised for venue purposes. *See Broussard v. Courtney's Paint Co.*, 484 S.W.2d 814, 815–16 (Tex.Civ.App.—Beaumont 1972, no writ), and authorities cited thereunder.

In summary we have considered all of the defendant's points of error and concluded that they do not present cause for disturbing the order. Accordingly, the order overruling the defendant's plea of privilege is affirmed.