**Herman HERRING, Appellant,**

v.

**W.G. "Dub" HATHCOCK, et al., Appellees.**

**No. 08–82–00014–CV.**

Court of Appeals of Texas, El Paso.

Nov. 24, 1982.

Rehearing Denied Dec. 22, 1982.

---

1. Section 1.02(a)(5), Article 4590i, Tex.Rev.Civ. Stat.

Harrell Feldt, Marc Skeen, Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellant.

Ron Ragsdale, Andrews, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

OPINION

WARD, Justice.

Herman Herring appeals from the order of the trial court overruling his plea of privilege to be sued in Ector County in this wrongful death case. We hold that the evidence was legally and factually sufficient to sustain venue in Andrews County under subdivision 9a of Article 1995, Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1982), and affirm.

The plaintiff in various capacities brought suit in Andrews County against Herman Herring, Appellant, and Mobil Oil Corporation for their alleged negligence in causing the death of William James Hathcock. Mobil Oil Corporation owned the Elizabeth Armstrong lease located in Andrews County. On this lease there were two vertical heater treaters used to separate water and oil passing through the pipelines into a central tank battery. One heater treater was designated a production heater, and the other the test heater. The latter was used only as a back-up unit. The two heaters were approximately ten feet apart, and each contained a flame when in operation.

William James Hathcock owned a small business which performed repair and maintenance work for Mobil Oil Corporation as an independent contractor. On June 16, 1978, he took a crew to replace the fire tube in the production heater on the lease in question. He inspected the gauges and valves around the heater, but did not check the back pressure gas valve on top of the unit. When the last bolt was removed from the fire tube flange, the fire tube blew out under pressure and shot the flammable mixture over Hathcock's body. He ran to shut off the flame in the test heater, but the gas vapors ignited and his clothes caught on fire, causing him serious burns which led to his eventual death.

The Appellant, Herman Herring, was employed by Mobil Oil as the pumper or lease operator. It was his job to operate rather than supervise the lease in question. He testified that he "switched out" from the

production heater into the test heater two or three days before the accident, as he knew that a crew would be out to replace the fire tube. Appellant knew that the production heater should have been depressurized and the test heater turned off before the work began on the production heater because of the danger of igniting gas vapors. He also knew on the date of the accident that Hathcock would be doing this job. A consulting petroleum engineer characterized these preparatory procedures as "operator's work" and stated that it was the customary practice for the operator to perform these precautionary services. Among other things, the plaintiff's suit charged the Appellant with negligence by virtue of his failure to prepare the premises for the repair work to be performed and to remove all hazards from the area, specifically alleging negligence from his failure to extinguish the flame in the test heater and to insure that all pressure was off in the production heater. Only the Appellant, Herring, prosecutes this appeal from the trial court order overruling his plea of privilege, Mobil Oil Corporation not contesting venue in Andrews County.

The Appellant's three points all assert that the plaintiffs failed to prove proper venue in Andrews County because the evidence was legally and factually insufficient to show a cause of action for negligence against the Appellant as an individual, since allegedly the evidence failed to show that the Appellant breached any personal duty towards the deceased. To sustain venue under subdivision 9a of the statute, plaintiff was required to establish by a preponderance of the evidence the following statutory venue facts: (1) that an act or omission of negligence occurred in the county where the suit was filed, (2) that such act or omission was that of the tortfeasor, in person, or that of his servant, agent, or representative acting within the scope of his employment; and (3) that such negligence was the proximate cause of the plaintiff's injuries. 1 R. McDonald, Texas Civil Practice, Section 4.17.2. This being a "premise" case, settled principles of law that are applicable are noted. In *Parker v.*

*Highland Park, Inc.,* 565 S.W.2d 512 (Tex. 1978), the Supreme Court abolished the "no duty doctrine" and returned "premise" cases to trial upon negligence principles. The abolition of the "no duty doctrine" as abolished in *Parker* did not abolish, however, the long standing rule that a "plaintiff must prove the existence and violation of a legal duty owed to him by the defendant to establish negligence liability." Actual negligence still consists of three essential elements: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from such breach. *Abalos v. Oil Development Company of Texas,* 544 S.W.2d 627, 631 (Tex.1976). In a case such as the one before us, the land owner's basic duty to his business invitees is to exercise ordinary care to keep the premises in a reasonably safe condition so that a plaintiff would not be injured, and that duty is breached if in the absence of ordinary care the landowner creates or maintains an unreasonable risk of harm. *See: Furr's, Incorporated v. Patterson,* 618 S.W.2d 417, 419 (Tex.Civ.App.— Amarillo 1981, no writ).

Considering the evidence that Herring had switched out oil production from the disabled production heater into the test heater two or three days before the explosion, that Herring knew and understood clearly what needed to be done to make the lease and the treater a safe place to work, that he knew the fire box in the production heater was to be changed out the day of the accident, and that by custom, practice, duty and obligation the lease operator should have seen that the flame was extinguished, the heater drained and the contractor Hathcock provided with a safe place to do his work of maintenance and repair, both Mobil, as the operator, and the Appellant, as the one who actually operated the lease, jointly breached their duties to adequately prepare the premises safely for the deceased.

Utilizing the test set forth in *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965), we hold that the evidence was legally and fac-

tually sufficient to sustain the trial court's implied finding that the Appellant had a responsibility to prepare the premises for the maintenance crew, and that Hathcock relied on Appellant to perform this service. The Appellant obviously exercised control of the premises, and he did in fact take certain preliminary steps in preparing the site for the repairs. He knew that other precautions needed to be taken, but failed to complete them. Evidence of the customary trade practices was a circumstance tending to prove that the deceased relied on the Appellant to complete the preliminary precautions. The customary practices further proved that a part of the Appellant's professional responsibilities entailed depressurization of the production heater and shut down of the test heater before the deceased and the others removed the fire tube flange. Appellant's three points are overruled.

The judgment of the trial court is affirmed.