**Fernando CAMPOS, Jr. and wife Sara Campos, Individually and as the natural parents and heirs at law of Fernando Campos, III, deceased, Appellants,**

v.

**SOUTH TEXAS BEVERAGE COMPANY d/b/a Pizza Huts of North Texas, from El Paso, Appellee.**

No. 08–83–00123–CV.

Court of Appeals of Texas, El Paso.

Oct. 31, 1984.

Joseph (Sib) Abraham, Jr., Charles Louis Roberts, El Paso, for appellants.

Jeanette Robison, Grambling/Mounce/Sims/Galatzan & Harris, El Paso, for appellee.

STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

### OPINION

WARD, Justice.

This is an appeal from a summary judgment granted the defendant below. We affirm.

The Appellee was one of thirteen defendants sued by Appellants for the alleged wrongful death of their son, Fernando Campos, III. Their son was mistakenly shot and killed by an El Paso police officer on February 29, 1976, during a robbery of a Pizza Hut Restaurant at which the son was a patron. The Appellants' theories of recovery in the court below were on wrongful death and deprivation of civil rights.

The Appellants present two points of error. The first is that the trial court erred in granting summary judgment on the negligent wrongful death count, and secondly that the trial court erred in granting summary judgment on the civil rights count. These points are interrelated in that they both hinge on the issue of Appellee's knowledge of the police stakeout at the Pizza Hut. The duty of a business owner towards a business invitee is one of reasonable care. *Rosas v. Buddies Food Store*, 518 S.W.2d 534 (Tex.1975); *Herring v. Hathcock*, 643 S.W.2d 235 (Tex.App.—El Paso 1982, no writ). The proof on summary judgment was sufficient to show that as a matter of law the Appellee did not breach its duty to the deceased. The Appellants submitted an affidavit attached to their response to the motion for summary judgment. This affidavit sought to prove that the management of the Pizza Hut knew that the police had staked out the restaurant. The affidavit fails in that it was based on hearsay and was not made from personal knowledge. The summary judgment hearing occurred before September 1, 1983, the effective date of the new Rules of Evidence. An affidavit is defective when it is not based on personal knowledge, but instead it is based on evidence not admissible in court. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230 (Tex.1962); Rule 166–A(e), Tex.R.Civ.P. The Appellee presented affidavits in support of its motion for summary judgment which sufficiently show that the management and employees of the Pizza Hut did not have any knowledge of the police stakeout. Without knowledge of the stakeout, Appellee had no knowledge of the potential danger and thus did not breach its duty to the deceased.

*Adam Dante Corporation v. Sharpe*, 483 S.W.2d 452 (Tex.1972). Nor can it be argued that even without knowledge the Appellee should have reasonably discovered the stakeout. The whole purpose of a stakeout is covert surveillance. The stakeout was designed not to be discovered. It would be unreasonable to expect Appellee to discover the existence of a stakeout in the store.

Appellants' second point of error is without merit since the summary judgment proof was sufficient to show that there was no state action involved. Appellee had no knowledge of the stakeout and so there was no commingling of state action with private action. A private party's actions are not to be construed as state action simply because the private party is licensed by the state. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972). The evidence was sufficient to support summary judgment on Appellants' second count. Appellants' Points of Error Nos. One and Two are overruled.

The judgment of the trial court is affirmed.