MEMORANDUM OPINION




No. 04-02-00882-CV



H.E. BUTT GROCERY COMPANY,


Appellant



v.



Juan RIVERA,


Appellee



From the 341st Judicial District Court, Webb County, Texas


Trial Court No. 2001-CVQ-001142-D3


Honorable Elma Salinas-Ender, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: December 31, 2003


REVERSED AND RENDERED

 Juan Rivera sued H.E. Butt Grocery Company ("HEB") for damages when he slipped and fell
inside an HEB store in Laredo, Texas. Following a jury trial, Rivera recovered $83,777 in damages.
HEB appeals the trial court's judgment against it, claiming there is no evidence from which it can be
inferred that HEB had actual knowledge or constructive notice of the premise defect. We reverse
the trial court's judgment and render judgment that Rivera take nothing. 

Background

 On a rainy day in October of 2000, Juan Rivera and his wife decided to go grocery shopping
at their local HEB store. Once there, Rivera stopped to speak with an acquaintance. After speaking
with the acquaintance for approximately fifteen to twenty minutes, Rivera decided to look for his
wife, who was elsewhere in the store. Unbeknownst to Rivera, he was headed directly toward several
"big drops" of water on the floor. (1) As Rivera walked down the main aisle of the store near the
business center, he slipped and fell in the "big drops" of water. At the time of Rivera's fall, Rosie
Hickle, HEB's store director, along with two other HEB store managers, was standing approximately
fifteen feet from where Rivera fell. As a result of his fall, Rivera broke his left ankle, strained his
neck, and injured his thigh and shoulder. 

 Rivera brought a premise defect suit against HEB, and a jury awarded Rivera $83,777 in
damages. The trial court denied HEB's motion for new trial and this appeal ensued. On appeal, HEB
complains that: (1) Rivera failed to present any evidence of an essential element of his claim -- that
HEB had actual or constructive notice of the "big drops" of water; and (2) in the alternative, there
is insufficient evidence to support the jury's negligence finding.




Standard of Review


 When reviewing a no evidence issue, we must consider only the evidence and inferences that
tend to support the finding and disregard all evidence and inferences to the contrary. Lenz v. Lenz,
79 S.W.3d 10, 19 (Tex. 2002). We will sustain a no evidence issue when: (a) there is a complete
absence of evidence of a vital fact; (b) we are barred by rules of law or of evidence from giving
weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact
is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital
fact. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla
of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Id.

 When considering a factual sufficiency challenge to a jury's verdict, we must consider and
weigh all of the evidence, not just the evidence supporting the verdict. Plas-Tex, Inc. v. U.S. Steel
Corp., 772 S.W.2d 442, 445 (Tex. 1989). We may set aside the verdict only if it is so contrary to
the overwhelming weight of the evidence that it is clearly wrong and manifestly unjust. Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986). 

Premises Liability: The Slip & Fall Case


 HEB owed Rivera, its invitee, a duty to exercise reasonable care to protect him from
dangerous conditions that were known or reasonably discoverable, but HEB was not an insurer of
Rivera's safety. See Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998). To
recover as an invitee, Rivera had to prove: (1) HEB's actual or constructive knowledge of some
condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that HEB
did not exercise reasonable care to reduce or eliminate the risk; and (4) that HEB's failure to use such
care proximately caused his injuries. H.E. Butt Grocery Co. v. Resendez, 988 S.W.2d 218, 219 (Tex.
1999); Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983). Rivera may satisfy the
notice element by establishing that: (1) HEB placed the foreign substance on the floor; (2) HEB
actually knew that the substance was on the floor; or (3) it is more likely than not that the condition
existed long enough to give HEB a reasonable opportunity to discover it. Wal-Mart Stores, Inc. v.
Reece, 81 S.W.3d 812, 814 (Tex. 2002). 

Discussion

 The central issue in this case focuses on the notice element, i.e., whether HEB had actual or
constructive knowledge of the dangerous condition on its premises. Before we may conduct our
analysis, however, we must first determine what is the dangerous condition in this case because the
two parties disagree about what should be defined as the dangerous condition. From HEB's
perspective, the "big drops" of water on the floor constituted the dangerous condition; from Rivera's
point of view, a highly waxed floor was the dangerous condition. After reviewing the record, it
appears that the dangerous condition should be defined as the "big drops" of water on the floor, not
a highly waxed floor because Rivera never raised that theory in the trial court.

 After thoroughly reviewing the record, we agree that Rivera raises his "highly waxed floor"
argument for the first time on appeal. First, Rivera's pleadings do not complain about a highly waxed
floor being the dangerous condition. Rivera's allegation in his petition that HEB was negligent in
"failing to properly inspect and maintain the flooring area in question" does not give notice of a claim
that the floor was too highly waxed. Second, the testimony Rivera elicited from the witnesses at trial
consistently focused on the water drops being the dangerous condition, not the highly waxed floor.
Although an HEB employee admitted that HEB's floors are waxed, that does not change that state
of Rivera's pleadings; nor is it sufficient evidence from which to conclude the issue was tried by
consent. Lastly, Rivera's closing argument focused on the water on the floor being the dangerous
condition. Because Rivera did not raise his highly waxed floor argument in the trial court, we shall
disregard such argument on appeal.

 Having concluded that the "big drops" of water constituted the dangerous condition, we must
now determine whether HEB had actual or constructive knowledge of the dangerous condition on
its premises. Rivera may satisfy the notice element by establishing that: (1) HEB placed the water
on the floor; (2) HEB actually knew that the water was on the floor; or (3) it is more likely than not
that the "big drops" of water existed long enough to give HEB's employees a reasonable opportunity
to discover them. (2)

A. Whether HEB placed water on the floor

 It is undisputed that HEB did not place the water on the floor where Rivera fell. The only
evidence presented is that the store's customers placed the water on the floor when they entered the
store with rain soaked clothes, umbrellas, and shopping carts. Thus, we cannot say there is any
evidence that HEB placed the water on the floor. 

B. Actual knowledge

 Rivera asserts HEB knew there was water on the floor in the location where Rivera fell, citing
the fact that HEB was aware it was raining on the day of the accident. While evidence that it was
raining might make it foreseeable that water could be tracked into the store, it does not constitute
evidence that HEB actually knew there were "big drops" of water in the specific area where Rivera
fell. 

 Rivera also asserts that HEB had actual knowledge based on its store director's lack of
credibility. Hickle testified at trial that she did not see any water or moisture on the floor where
Rivera fell. According to Rivera, Hickle was not credible, and the jury obviously believed that Hickle
saw the water despite her statements to the contrary. Although the jury was free to disbelieve
Hickle's testimony, that disbelief is no evidence that the exact opposite is true, i.e., that Hickle had
actual knowledge that water was on the floor. See Tex. & N.O.R. Co. v. Grace, 144 Tex. 71, 188
S.W.2d 378, 380 (1945) ("The fact that the testimony of an interested witness is not accepted as
evidence in his favor does not operate to convert it into evidence against him."); Castillo v. Neely's
TBA Dealer Supply, Inc., 776 S.W.2d 290, 295 (Tex. App.--Houston [1st Dist.] 1989, writ denied)
(recognizing disbelief of witnesses' testimony is no evidence of actual knowledge). Because there
is no other evidence in the record suggesting HEB had actual knowledge, we cannot say there is any
evidence that HEB actually knew there was water on the floor where Rivera fell. 

C. Constructive knowledge

 Rivera in essence claims that HEB should have known there was water on the floor where he
fell because one of the store's employees, who knew it had been raining throughout the day, was in
close proximity to the dangerous condition immediately before his fall. In Wal-Mart Stores, Inc. v.
Reece, the court reaffirmed the importance of the "time-notice rule" as the best indicator of whether
a premises owner had a reasonable opportunity to discover and remedy a dangerous condition. See
81 S.W.3d at 816. 

 An employee's proximity to a hazard, with no evidence indicating how long the
hazard was there, merely indicates that it was possible for the premises owner to
discover the condition, not that the premises owner reasonably should have
discovered it. Constructive notice demands a more extensive inquiry. Without some
temporal evidence, there is no basis upon which the factfinder can reasonably assess
the opportunity the premises owner had to discover the dangerous condition. . . .
[T]here must be some proof of how long the hazard was there before liability can be
imposed on the premises owner for failing to discover and rectify, or warn of, the
dangerous condition. Otherwise, owners would face strict liability for any dangerous
condition on their premises. . . .


Id. 

 The record indicates there were three HEB employees near where Rivera fell, one of whom
testified that Rivera was in her "sight of vision." This evidence, however, is no evidence that HEB
should have discovered the "big drops" of water because it does not tend to prove the water had been
on the floor long enough to charge HEB with constructive notice. See Wal-Mart Stores, Inc. v. Rosa,
52 S.W.3d 842, 844 (Tex. App.--San Antonio 2001, pet. denied) (holding the number and proximity
of employees near where plaintiff fell, as well as presence of a wide angled mirror on the wall behind
her, did not tend to prove the foreign substance had been on the floor long enough to charge Wal-Mart with constructive notice). 

 The record further indicates the witnesses in this case did not personally know how long the
water had been on the floor. Fernando Alarcon, an HEB customer, testified he had no idea how long
the moisture may have been on the floor. Likewise, Rivera testified that he was uncertain about how
long the water had been on the floor because he did not see anything until he fell. At best, Rivera was
able to testify the water was on the floor long enough for him to fall in it. However, this statement
is not evidence from which constructive notice may be inferred. See Robledo v. Kroger Co., 597
S.W.2d 560, 561 (Tex. Civ. App.--Eastland 1980, writ ref'd n.r.e) (holding that trial court
committed no error in sustaining objection to plaintiff's testimony that the water "had been there for
some time" because the plaintiff had no personal knowledge of how long the puddle had been there).

 The record also indicates that Alarcon testified there were "stains of shoe marks" on the floor
where Rivera fell. The presence of footprints in the water equally supports the inference that the
tracks were of recent origin as it supports the inference that they had been there a long time. Thus,
this testimony too is no evidence of constructive notice. See Kimbell, Inc. v. Blount, 562 S.W.2d 10,
13 (Tex. Civ. App.--Austin 1978, no writ) (holding drying footprints and tracks leading away from
a puddle of liquid was no evidence that the puddle had been there long enough to put the store on
constructive notice). Because there is no evidence of how long the water had been on HEB's floor,
Rivera failed to establish the temporal element of constructive knowledge, and thus failed to establish
the knowledge element of his premises liability claim. Therefore, we sustain HEB's no evidence
complaint.

Conclusion


 It was Rivera's burden to establish that HEB had actual or constructive notice of the water
located where he slipped and fell. Because Rivera failed to meet his burden, we reverse the trial
court's judgment and render judgment that Rivera take nothing on his claim. 


 Catherine Stone, Justice
1. The witnesses in this case each described the water on the floor differently: puddles; big drops; and moisture
with dirt. For purposes of this opinion, we shall refer to the water on the floor as "big drops."
2. As a preliminary matter, Rivera argues that because HEB failed to challenge whether it reasonably should
have known of the dangerous condition, we should affirm on this basis alone. Rivera's argument lacks merit because
HEB does in fact raise a complaint addressing this issue. As stated by HEB in its brief, "Rivera presented no evidence
that HEB placed the water on the floor or that HEB actually knew it was there. Therefore, he had to prove that the
water had been on the floor a sufficient period of time that HEB had a reasonable opportunity to discover it. As
discussed below, Rivera failed to present any such evidence."